## VAN KEUREN AND WIFE v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

1. A railroad track laid down upon land with a view to its permanent improvement or beneficial enjoyment, is deemed a fixture and part of the realty.
2. The general rule is, that possession of land is notice to a purchaser of the possessor's title. But this rule does not apply to a vendor remaining in possession, so as to require a purchaser from his grantee to inquire whether he has reserved any interest in the land conveyed. So far as the purchaser is concerned, the vendor's deed is conclusive on that subject.

On rule to show cause.

Argued at June Term, 1875, before the CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *J. B. Vredenburgh.*

For the defendant, *B. Williamson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought to recover the value of a railroad track removed by the defendant from the lands of the plaintiffs.  The question is, whether the track was so annexed to the lands as to become a fixture, and pass by a conveyance of the realty.   It does not appear who had title to the land at the time the rails were laid down, fifteen or twenty years before the suit was instituted, but since that time the Central Railroad Company has used the track for the purpose of taking gravel from gravel pits upon the premises.

The Central Railroad Company conveyed these lands to the Central New Jersey Land and Improvement Company, by deed dated January 1st, 1870.

The Land Improvement Company conveyed to Joseph Wilkinson, by deed dated March 8th, 1873, and Wilkinson conveyed to the plaintiff, Sarah J. Van Keuren, by deed dated October 1st, 1873. These deeds are in the ordinary form, and make no allusion to the property in dispute. The only title which the plaintiffs have to the property in contention, is derived through their deed; if it was part of the real estate, it passed to them; if it retained the character of personalty, it did not. This belongs to that class of cases in which it cannot be stated, with certainty, as matter of law, whether a given annexation is a fixture or not. It must be left to the jury, under the facts and circumstances in evidence, as a mixed question of law and fact. On the trial below, Justice Dalrimple charged the jury that " if the railroad was neither originally built upon the land for the use and benefit of the land, nor in anywise adapted to the uses to which the land could be put; and if the structure was not of a permanent character, but temporary, so that it could be easily moved on the ground, and taken therefrom without any injury to the land, and it was not intended by the parties who built it and owned the land at the time it was built, that it should be appropriated to the use of the land, but simply to enable the railroad company to take the gravel from the land, the railroad would not be a fixture or appurtenance belonging to the land, but personal property to which the plaintiffs have no title. But, on the contrary, if the structure was permanent in its character, and could not easily be moved, or was so fixed to the land that it could not be moved without substantial injury thereto, or was intended to be appropriated to the land for its use and benefit, and was adapted to any use or purpose to which the land could be put, then it would be real estate, and by virtue of the plaintiffs' deed, belong to them." These instructions were correct, and fairly submitted the point in controversy, to the jury. *Hays* v. *Doane*, 3 *Stockt.* 84; *Brearley* v. *Cox*, 4 *Zab.* 287; *Quinby* v. *Manhattan Co.*, 9 *C. E. Green* 260; *Blancke* v. *Rogers & Co.*, 11 *C. E. Green* 563.

The law upon this subject has been so recently reviewed in our court of last resort in the case of *Blancke* v. *Rogers*, that it is unnecessary to discuss the authorities. Where the machinery is annexed to the freehold with an adaptability and view to its permanent improvement or beneficial enjoyment, it is deemed a fixture and part of the realty.

This question has been passed upon by the jury, and this court cannot say, that under the evidence in the case, the jury was not justified in finding that the property in question was so annexed and adapted to the use of the realty as to become part of it.

On the trial of the cause, it appeared, in evidence, that in the agreement between the Land Improvement Company and Wilkinson, for the sale and purchase of these premises, the track and ties were reserved by the company. No express notice to the plaintiffs, of this reservation, was shown, but an attempt was made to charge them with constructive notice, by the fact that the Central Railroad Company was in the possession and use of the track up to the date of the purchase.

If a person should purchase an estate from the owner, knowing it to be in the possession of tenants, he is bound to inquire into the estate which such tenants have. Having knowledge of the tenancy, he is bound to inform himself of the conditions of the lease. The general rule is, that possession of land is notice to a purchaser of the possessor's title. 4 *Kent's Com.* 179 ; 1 *Story's Eq.*, § 400 ; *Meux* v. *Maltby*, 2 *Swanst.* 281.

But this rule does not apply to a vendor remaining in possession, so as to require a purchaser from his grantee to inquire whether he has reserved any interest in the land conveyed.

So far as the purchaser is concerned, the vendor's deed is conclusive upon that subject; having declared, by his conveyance, that he makes no reservation, he is estopped from setting up any secret arrangement by which his grant is impaired.

The well settled rule applies to this case, that a party is estopped from impeaching or contradicting his own deed, or denying that he granted the premises which his deed purports to convey. In the absence of express notice to the contrary, the plaintiffs could securely rely upon the allegation made by the Land Improvement Company in their deed to the plaintiffs' grantor, that their conveyance was absolute and without reservation.

The jury was properly instructed, that the plaintiffs were not affected by this reservation unless they had notice of it at the time they purchased.

In my opinion, the rule to show cause should be discharged.