## LURIA BROS. & CO. et al. v. CENTRAL R. CO. OF NEW JERSEY.

### No. 7291.

Circuit Court of Appeals, Third Circuit.

June 13, 1940.

David Stoffer, of Newark, N. J. (Spaulding Frazer, of Newark, N. J., of counsel), for appellants.

William F. Hanlon, of New York City (DeVoe Tomlinson, of Newark, N. J., of counsel), for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

The appeal at bar presents the following facts: On July 27, 1906 the Lehigh and Wilkes-Barre Coal Company and the Central Railroad Company of New Jersey, the appellee, made an agreement whereby each leased to the other certain adjacent property at Junction, now Hampton, New Jersey. It was also agreed that the premises leased by the Central Company to the Lehigh Company should be used by the latter solely for the reception, storage and shipment of coal and the premises leased by the Lehigh Company to the Central Company should be used by the Central Company for railroad purposes and for the delivery and receipt for shipment of freight and coal. The Central Company further agreed that at its own expense it would construct and maintain such trackage upon the premises demised as well as upon the adjacent premises owned by it as might be necessary to facilitate the delivery of coal to and shipment of coal by the Lehigh Company.

The fourth paragraph of the agreement also provides: "Any materials used in the construction and maintenance of said tracks on the land herein and hereby leased to and by the Central Company as well as

on its own adjoining lands shall always remain the property of the Central Company and be removable by it on the termination of this lease." Upon June 30, 1916, the Lehigh Company and the Central Company entered into a new lease which contained a covenant similar to that just quoted. The premises of the Lehigh Company were conveyed by it to The Delaware Lackawanna & Western Coal Company by a deed dated May 1, 1930.

Upon August 20, 1936, Brandt and Seidman entered into a contract with The Delaware Lackawanna & Western Coal Company whereby that partnership agreed to purchase the coal storage plant, the buildings and personal property upon the premises. The contract contained a clause which stated, "Said conveyance is to include any and all railroad rights the party of the first part may now hold appertaining to or in any way affecting the premises so conveyed, but the party of the first part makes no representation as to its rights on or across the Central Railroad property or as to any rights it may have with said railroad pertaining to or used in connection with said property to be conveyed."

On September 2, 1936 the Delaware Lackawanna & Western Coal Company conveyed the premises to Brandt and Seidman in accordance with the terms of the contract, and some days later Brandt and Seidman conveyed the property to the appellant H. I. Seidman Co., Inc. On August 26, 1936 Brandt and Seidman sold the tracks and appurtenances to the appellant Luria Brothers. In March, 1937, employees of the Central Railroad came on the premises and removed the tracks. Luria Bros. & Co. now seeks to recover damages for the conversion of this property. H. I. Seidman Company, Inc. seeks damages for trespass.

The case was tried to a jury and upon the conclusion of the presentation of the appellants' case, the appellee moved for a directed verdict upon the ground that the clause of the agreement of August 20, 1936 above quoted was sufficient to place a purchaser on notice to ascertain whether or not there was any outstanding agreement concerning these tracks. The leases of July 27, 1906 and June 30, 1916 had been admitted in evidence over the objections of the appellants. The learned District Judge concluded that the appellants were put upon notice to ascertain the contents of these leases and thus the clauses whereby the appellee retained title to the materials used in the construction and maintenance of the tracks, and that therefore the appellants, as successors in title to the Delaware Lackawanna & Western Coal Company, were bound by these reservations of title. He directed a verdict and a judgment was entered thereon. The appeal is from this judgment.

■ We are of the opinion that the learned trial judge erred in holding that the language contained in the conveyance of September 2, 1936 from the Delaware Lackawanna & Western Coal Company to Brandt and Seidman had the effect of charging them and their assignees with notice of the reservations of title contained in the leases of 1906 and 1916. The recital upon which the District Court relied refers only to rights which the Delaware Lackawanna & Western Coal Company had in respect to the adjacent property of the Central Railroad Company and did not in anywise relate to rights which the railroad company had in the property of the coal company. The trial judge erred therefore in directing a verdict in favor of the appellee.

■ Since there was no basis for constructive notice to the appellants of the leases of 1906 and 1916 between the coal company's predecessor in title and the railroad company, Luria Bros. & Co. were entitled to the rails upon the premises conveyed by the Delaware Lackawanna & Western Coal Company to Brandt and Seidman if the rails were fastened to the real estate in such a fashion as to become fixtures. This was a question of fact for the jury. Van Keuren v. Central Railroad of New Jersey, 38 N.J.L. 165.

The appellee contends that quite apart from the clause of the deed to Brandt and Seidman heretofore discussed, Seidman, who had been engaged in the coal business, knew that title in the rails had been reserved by the railroad company or had sufficient knowledge of the situation to put him upon inquiry as to the railroad company's rights. In our opinion the record does not support this contention of the appellee. The appellee, however, was entitled to produce evidence upon this very pertinent issue.

The judgment of the court below is reversed and the cause is remanded with directions to grant a new trial.