By the Court,

Nelson, Ch. J.
The court below erred in charging the jury that any person of any occupation who owned a pasture and fattened sheep upon it was a farmer, within the meaning of the ordinance, and had a right *152 to vend meat within the proviso. The opinion seems to have regard to the first ordinance on the Subject, as thereby it was declared to be lawful for “ any farmer or other person.’’ &c., to sell under certain restrictions, meat, the produce of his farm; but the ordinance, for a violation of which this suit is brought, limits the exemption in the proviso to farmers alone; they may sell within a prescribed district certain meats, the growth and production of their own farms. The testimony shows that the regular business of the defendant was that of a butcher, which he followed for a livelihood at the time of the alleged infraction of the ordinance; that he owned a farm in the neighborhood, which he used chiefly, if not wholly, for the benefit and accommodation of his occupation as a butcher; at least, such is the fair inference from the evidence. Now, if the farm was in fact used and occupied as a convenient and profitable appendage to another calling, to wit, the business of butchering, and was not occupied and cultivated as a farm in the ordinary mode of farming, in the common and popular acceptation of the term, he could not he considered as coming within the exception. He would occupy it, not as a farmer but as a butcher, with the view the better to promote.his business in that line. The plain object of the ordinance was, while it protected licensed butchers, to allow farmers to come in and sell the produce of their [267] farms. This is the fair and reasonable meaning of its language, and the jury should have been so instructed, and not that any person owning a pasture or farm, and fattening sheep thereon, in the purview of the law came within the proviso.
Judgment reversed.