## TONKAWA PETROLEUM CORP. v. GOLDEN RULE REFINING CO.

No. 20901. Opinion Filed May 10, 1932.

Rehearing Denied July 27, 1932.

Hagan & Gavin, for plaintiff in error.

Sam K. Sullivan, Neal A. Sullivan, and R. J. Shive, for defendant in error.

HEFNER, J. This is an action brought in the district court of Kay county by the Golden Rule Refining Company, a copartnership composed of Albert S. Rule and Minnie Kemp, against the Tonkawa Petroleum Corporation, to partition a railroad right of way, together with the ties imbedded therein and the rails spiked thereto.

The defense was that the property involved was personal property, and plaintiff could therefore not maintain the action as a matter of right, and that there was not sufficient ground to authorize the partition of the property in equity as personal property. The trial court rendered judgment in favor of plaintiff and entered a decree partitioning the property. Defendant has appealed and asserts that the judgment is contrary to law.

Appellant concedes that if the railroad right of way in question be real property, plaintiff was entitled to partition as a matter of law. It, however, contends that the right of way is personal property, and that the evidence was insufficient to authorize its partition as such.

Section 8395, C. O. S. 1921, defines "real property" as follows:

"First. Land.

"Second. That which is affixed to land.

"Third. That which is incidental or appurtenant to land."

Section 8398, C. O. S. 1921, in part, provides:

"A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way or water course, or of a passage for light, air, or heat, from or across the land of another."

The Circuit Court of Appeals of the 9th Circuit, in Parsons v. Clark, 24 Fed. (2d) 338, under a statute identical with the one above quoted, held a railroad right of way real property. It is there said:

"The Civil Code provides that property is either real or immovable, or personal or movable: that real property consists of land, that which is affixed to land, that which is incidental or appurtenant to land, and that which is immovable by law; and that a thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or water course, or of a passage for light, air, or heat from or across the land of another. Civ. Code secs. 657, 658, 662. The right of way in question was appurtenant to land, and was, therefore, clearly real property as defined by the laws of the state. * * *"

In Oklahoma City v. Eastland, 135 Okla. 155, 274 P. 651, this court held a railroad right of way a piece or parcel of land within the meaning of the street improvement law authorizing the assessment of the right of way to pay for the improvement, regardless of the fact that the railroad company did not own the absolute fee title.

While the question is not free from doubt, it is our opinion that the property here involved, for the purposes of this proceeding, should be treated as real property, and, under the authorities cited, the trial court was correct in so treating the property.

The judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) 22 R. C. L. 861.