174 So. 230

**LONG, President State Tax Commission, et al. v. POULOS.**

**3 Div. 204.**

Supreme Court of Alabama.

April 29, 1937.

A. A. Carmichael, Atty. Gen., B. W. Simmons, Asst. Atty. Gen., H. L. Anderton, of Birmingham, E. C. Boswell, of Geneva, and L. H. Ellis, of Columbiana, for appellants.

Mooneyham & Mooneyham, of Montgomery, for appellee.

150

FOSTER, Justice.

This is a suit in equity whose purpose is to settle by a declaratory judgment a controversy between the parties as to the construction of a feature of the exemptions provided in the Sales Tax Revenue Act of February 1937 (Acts 1936–1937 (Ex.Sess.) p. 125). It recites in subdivision i of section 4, in which exemptions are listed, as follows: "(i) Provided, however, that the provisions of section 2 of this Act shall not apply to (1) amounts received from the sale of newspapers and agricultural or religious publications and magazines or to the sale of advertising space in said newspapers or publications."

The particular question is whether the exemption of magazines refers to all magazines or only to agricultural or religious magazines. The history of the enactment is described in appellants' brief, as shown by the journals of the Legislature, and is not challenged by appellee, and is therefore taken by us as correct without checking the journals to determine for ourselves. When the bill was reported by the committee, the material features here in question were "newspapers and agricultural and religious publications, or to the sale of advertising space," etc. When the bill was being considered in the House an amendment was made adding "magazines" after "religious publications." In drafting the bill as amended, the clerk added "and" before "magazines," and let them appear after the comma following "publications." When the bill was sent to the Senate, a comma preceded "and magazines," and in that form then passed, and, so approved by the House, went to the Governor. He suggested an amendment so that it was to read: "Newspapers and agricultural or religious publications and magazines" etc. So that the word "and" before "religious" was changed to "or," and the comma after "publications" was eliminated. The amendment was adopted by both Houses, and approved by the Governor in that form. Undoubtedly no question as presented would exist if the words "and magazines" had followed "newspapers," or if before them the words "agricultural or religious" had been repeated.

█ If the intention of the Legislature can be ascertained from the language used and the history of the enactment, it is not necessary to apply any presumptions of law which will aid in the interpretation when its meaning does not otherwise appear.

█ We do not think it is necessary to draw upon such presumptions in this case because we think that without them we are able to ascertain the legislative intent. Before the words "and magazines" were added, it was written to exempt "newspapers," all of them, and "agricultural and religious publications," all of them. The amendment was intended to change its meaning or make it clearer. Exempting all "agricultural and religious publications," it included in that exemption "agricultural and religious magazines." A magazine is a publication, without question or ambiguity. Publications may include books, pamphlets, tracts, newspapers, and magazines, as to which there can be no dispute or ambiguity. What did the amendment add, not already in the bill, or what uncertainty did it clarify? We can see no uncertainty in the bill which the amendment tended to clear. It was therefore intended to add something not then in it. As we have said, it did not add "agricultural or religious" magazines, because they were already included.

But since it added "magazines," something else was intended. It could only have meant to add all magazines, whether agricultural and religious or not.

The trial court held that it was intended to exempt all magazines, and in that conclusion we concur.

Affirmed.

All the Justices concur.