177 So. 156

### HATTEMER v. STATE TAX COMMIS-
### SION.

**3 Div. 226.**

Supreme Court of Alabama.

Nov. 18, 1937.

Mooneyham & Mooneyham, of Mont-gomery, and W. H. Sadler, Jr., of Birming-ham, for appellant.

A. A. Carmichael, Atty. Gen., Wm. H. Loeb, Asst. Atty. Gen., L. H. Ellis, of Columbiana, H. L. Anderton, of Birming-ham, and E. C. Boswell, of Geneva, for appellee.

GARDNER, Justice.

Complainant is a retail dealer in coal, and seeks a declaratory judgment of his nonliability to the payment of the privilege or license tax imposed under the provisions of the Sales Tax Revenue Act of February, 1937 (Acts 1936–1937, Special Session, p. 125), and from an adverse ruling in the court below prosecutes this appeal.

If the decision of the chancellor is to be overturned, such result must rest upon the exemption feature of the statute as found in section 4 thereof (page 128). This for the reason that undisputedly the coal sold by complainant is tangible personal property, and his business as a retail dealer in coal comes squarely within the influence of section 2 of the act (page 126) imposing this tax "upon every person, firm or corporation engaged or continuing within this State in business of selling at retail any tangible personal property whatsoever."

The sole question therefore for determination here is whether or not complainant is exempt from the tax by reason of said section 4, which so far as here pertinent reads as follows: "Provided, however, that for the purpose of determining the amount of the license or privilege tax due by any person, firm or corporation under the provision of this act there shall be deducted from the gross sales or gross receipts of such person, firm or corporation, amounts received from the business on which or for engaging in which a license or privilege tax is levied by or under the provisions of Sections 140, 141, 142, 143, 145, 146, and 147, and Schedule 91 of Section 348, Schedule 92 of Section 348, section 149, and Schedule 159 of Section 348 of an Act approved July 10, 1935, and entitled 'An Act to provide for the general revenue of the State of Alabama.'"

Schedule 91 of section 348 (Gen.Acts 1935, p. 475), referred to in the above-noted excerpt, reads in part as follows: "Every person engaged in the business of operating a coal mine in the State of Alabama, shall pay to the State * * * an amount equal to two and one-half cents (2½c) per ton on all coal mined."

The amended bill recites the depressed condition of the coal business in this state, and its great decline in volume during recent years, the adverse factors contributing thereto, as competition from other fuels such as gas, oil, electricity, and coal produced less expensively in other states, as well as irresponsible wagon mines. And complainant notes also that the Legislature in the same section (Schedule 91), wherein the tax on coal mining is fixed, gave recognition to the serious condition of the business by the following provision found therein: "Provided that in order that the industrial development of the State may be best preserved and promoted and in order that any deleterious effect of the tax levied in this Schedule may be minimized, the State Tax Commission is authorized and empowered to lower, with the approval of the Governor, as in its knowledge or prevailing conditions may, from time to time, prove expedient and advisable for the best welfare of the State, but not to raise the rate on which the tax is computed."

Complainant further insists that, as 90 per cent. of the coal sold is through retail dealers, a tax on the retailer necessarily has its reflex action on the coal business, hindering it in its struggle to reclaim its former position in the economic world; and to subject such retailer to the 2 per cent. sales tax would run counter to the legislative policy declared in this last-noted excerpt from Schedule 91. But we are unable to follow the argument.

The Legislature, in 1935, in enacting said Schedule 91 was dealing solely with the matter of operating coal mines and establishing a license or privilege tax on the business of mining coal based upon the tonnage only as a means of ascertaining the amount thereof. Republic Iron & Steel Co. v. State, 204 Ala. 469, 86 So. 65. And though the language used in imposing the tax may be said to disclose a sympathetic interest in the present plight of the coal mining business, yet it is noted that any reduction in the tax was not absolute, but made entirely conditional. The language refers solely to the business of mining coal.

Complainant would extend it to all coal sold in the retail markets of the state, and thereby exempt such retailers from the influence of the sales tax subsequently passed, in which are provisions whereby the actual burden of the payment falls upon

the ultimate consumer. Long v. Roberts & Son, 234 Ala. 570, 176 So. 213.

But it is clear enough that the language of the exemption found in section 4 of the sale tax has no application to a retail dealer, for, as previously observed, Schedule 91, therein referred to, was confined to those engaged in mining coal. Complainant is not so engaged and, therefore, is not in a position to deduct from the gross receipts amounts received from the business on which is levied a tax under Schedule 91. The provision is without application to him. He has no concern whatever with any license fee due under Schedule 91, and receives no amounts from any such business so taxed in said schedule. He is therefore plainly not within the influence of this provision of section 4 of the sales tax act.

When language is plain and unambiguous, the meaning obvious, there is no room for construction. "Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere." Or, as has been said, in such cases, the courts "have no right to stray into the mazes of conjecture or to search for an imaginary purpose." Holt v. Long, 234 Ala. 369, 174 So. 759, 760.

And in addition to these well-settled principles, there is yet another applicable, though hardly necessary to stress. That is, the general rule that exemptions must be strictly construed in favor of the taxing power, though of course the rule calls for no strained construction adverse to the real intention of the Legislature. Holt v. Long, supra.

Under the views here expressed, no necessity exists for separate treatment of the matter of coke, likewise involved, and for which complainant was also held subject to the tax.

But we deem further discussion unnecessary, as we are fully convinced, upon careful consideration of complainant's argument, that he is not exempt from the influence of the sales tax; and that the decree of the chancellor is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.