178 So. 216

### BOWMAN et al. v. STATE TAX COMMISSION.

3 Div. 224.

Supreme Court of Alabama.

Jan. 13, 1938.

L. A. Sanderson, of Montgomery, for appellants.

A. A. Carmichael, Atty. Gen., B. W. Simmons and Wm. H. Loeb, Asst. Attys. Gen., L. H. Ellis, of Columbiana, and H. L. Anderton, of Birmingham, for appellee.

GARDNER, Justice.

Appellants are engaged in selling livestock, mules, horses, and cattle, both at wholesale and retail, "which said livestock are not raised or bred by them," to use the language of the bill.

They seek a declaratory judgment of nonliability to the payment of the privilege or license tax imposed under the provisions of the Sales Tax Revenue Act of February 1937, Acts 1936–37, Special Session, p. 125, and prosecute this appeal from an adverse ruling in the court below.

It is, of course, clear enough that the livestock they sell constitute tangible personal property, the sale of which comes squarely within section 2 of the act, page 126, imposing the tax. But it is insisted that their business is within the influence of subsection (c) of section 4 of the act, page 128, containing the following exception: "Amounts received from the sale or sales of livestock, poultry and other products of the farm, dairy, grove or garden, when said sale or sales are made by the producer or member of his immediate family, or employees forming a part of the producer's organization, in the original state of condition of preparation for sale."

The argument for exemption appears to be that under the above language amounts received from the sale of livestock and poultry are exempt absolutely, or that the modification set forth therein has reference only to eggs, milk, nuts, fruit, vegetables, and the like. And this argument is based upon the theory that the word "produce" indicates something grown or produced on the farm other than livestock; that, had the word "livestock" been intended to be so modified by the subsequent language, the word "raise" would have been appropriate.

The authorities cited merely tend to show that in some instances, according to the context, the words "product" or "produce" have been interpreted as not including livestock, and in some instances the word "producer" as not differing materially from the word "manufacturer." 6 Words and Phrases, Third Series, p. 193; 6 Words and Phrases, First Series, p. 5655; Neuhoff Packing Co. v. Sharpe et al., 146 Tenn. 293, 240 S.W. 1101; 50 C.J. 631; Elder v. State, 162 Ala. 41, 50 So. 370. But as stated in 50 Corpus Juris 628, speaking of "produce" as a noun:

"The word has no definite, exact, and particular meaning, but a variety of meanings dependent upon the connection in which it is used."

Here in the exemption feature of the act the word "livestock" is used in connection and along with poultry and other products of the farm, and we think would very naturally be interpreted as modified by the words, "when said sale or sales are made by the producer," all forming the same sentence and used in the same connection. Added to this must be considered the well-recognized rule that one claiming exemption has the burden of establishing his right thereto. " 'Taxation is the rule; exemption the exception.' * * * When therefore it is claimed that by legislation any species of property, * * * is relieved from its just proportion of public burdens, the intention to release it ought to be expressed in clear and unambiguous terms; it ought not to be deduced from language of doubtful import, nor when there is room for just controversy as to the legislative intent." Brown, Ins. Commissioner, v. Protective Life Insurance Company, 188 Ala. 166, 66 So. 47. See, also, Hattemer v. State Tax Commission, Ala.Sup., 177 So. 156, and Holt v. Long, 234 Ala. 369, 174 So. 759, with authorities there cited.

Guided by this rule, we are persuaded the chancellor correctly ruled and that appellants are not brought within the influence of the exception of subsection (c) of section 4 of the act. The judgment entered will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.