179 So. 254

**WOOD PRESERVING CORPORATION v. STATE TAX COMMISSION.**

3 Div. 229.

Supreme Court of Alabama.

Jan. 18, 1938.

Rehearing Denied March 3, 1938.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, amici curiae.

KNIGHT, Justice.

This case comes here from the circuit court of Montgomery county, on appeal by the Wood Preserving Corporation, from a declaratory judgment of said court, holding the appellant liable to the payment of a privilege or license tax, as provided and fixed by an act of the Legislature, adopted at the Special Session 1936–1937, and approved on February 23d, 1937. Gen. Acts 1936–37, Sp.Sess., p. 125.

In its declaratory judgment the circuit court held "that the provisions of the Act of the Legislature of Alabama, approved February 23d, 1937, levying a tax of two per cent of the gross proceeds of sales upon every person, firm, or corporation engaged or continuing within this state in the business of selling at retail any tangible personal property whatsoever, apply to sales made in the State of Alabama by complainant (appellant) to consumers in carload lots, or in larger quantities, or smaller quantities, of cross-ties, piling, bridge timber, telephone and telegraph poles and cross-arms."

The cause was submitted, in the court below, on bill and answer, and upon this submission the court rendered the decree now before us for review.

The appellant takes the position that, under the allegations of the bill "and the order of submission," the complainant is "a producer and processor in carload lots and larger quantities of creosoted cross-ties, cross and switch ties, pilings, bridge timbers, telephone and telegraph poles and cross-

arms," and that by far the greater part of its business consists in the sale to consumers of said products in carload lots or larger quantities.

In their answer to the bill the respondents aver, upon information and belief, that the complainant's business operations "consist principally in the procurement of such tangible personal property, and the subjecting of the same to certain processes whereby it becomes saturated with preserving fluids, and that, after said tangible personal property has been subjected to such preserving process, the same is sold to consumers, contractors, or land owners for use in the form of real estate, such transaction being a sale at retail of tangible personal property within the meaning of the Alabama Sales Tax Act; and that the commodities sold or consumed by the purchaser are so used as to destroy such commodity as a constituent element of 'tangible personal property.' "

The answer of respondents is not controverted.

From brief of counsel filed on this appeal we excerpt the following:

"The State Tax Commission has construed creosoted cross-ties, cross and switch arms, pilings, bridge timbers, telephone and telegraph poles and cross-arms as being building materials within the meaning of this exception to the exemption ('Sales of building materials to contractors, builders or land owners for resale or use in the form of real estate are retail sales in whatever quantity sold'), and has held that the complainant, even when it sells such articles in carload lots, is not entitled to the benefit of the carload or larger quantity exemption provided by section 4(k), p. 129. It is from this interpretation of the act by the Tax Commission and the decision of the trial court sustaining it that this appeal is taken, and the precise question presented is whether or not such cross and switch ties, pilings, bridge timbers, telephone and telegraph poles and cross-arms are building materials within the ordinary meaning of the word and the meaning of said act."

We are of the opinion that the holding of this court in the case of Lone Star Cement Corporation et al. v. State Tax Commission et al., 234 Ala. 465, 175 So. 399, is controlling in this case. Evidently, however, the appellant was not impressed that the two cases are similar in any material respect, as we find no reference to this case in appellant's brief.

It is first insisted by appellant that the term "building materials" has a very definite and well-understood meaning in the trade. It is insisted that such materials "consist of lime, plaster, lumber, nails and such things as ordinarily go into the fabrication of a building. * * * The term has never been applied to railroad rails, crossties or telephone or telegraph poles, which are especially designed for the construction of standard railroads, tracks and telephone and telegraph lines."

We are fully persuaded that appellant's learned counsel has rather confused the word building, employed as an adjective, in the exception to exemptions, with the same word when used as a noun. The material used in building a railroad, a bridge, a telephone or telegraph line, a dam or fence, is building material. In fact the term "building material" as employed in the exception is sufficiently comprehensive to include material of all kinds used in construction work. And we are fully persuaded that the lawmakers, in framing the act in question, and in employing the term, intended it should be given the meaning as above stated. To say that the Legislature intended to confine the term building material to only such material as might be used in constructing a building with sides and covering would unduly narrow the true meaning of the exception. Lone Star Cement Corporation et al. v. State Tax Commission et al., supra.

It is next insisted by appellant that, under the language of the Sales Tax Act, "not only must the sales be of building materials but they must be sales to contractors, builders, or land owners for resale or use in the form of real estate." This is true.

Section 4 of the Sales Tax Act provides for certain exemptions from the provisions of the act. Subsection (k) of section 4 provides: "amounts received by manufacturers, compounders, processors, producers, miners, and quarriers from sales to consumers in carload lots or in larger quantities" are exempt, "except as otherwise expressly provided in Section 1 of this Act."

In subsection (i), in section 1, of the act, page 126, may be found a definition of the term "sale at retail" or "retail sale," and it is there defined to include "all sales of tangible personal property except those above defined as wholesale sales. The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail, except as herein expressly provided. Sales of building materials to contractors, builders or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold. Sales of tangible personal property or products to manufacturers, quarry, mine operators or compounders, which are consumed by them in manufacturing mining, quarrying or compounding and do not become an ingredient or component part of the tangible personal property manufactured or compounded are retail sales."

The exception contained in subsection (k), section 4, refers, of course, to the above-quoted provision of subsection (i), of section 1 of the act.

We are fully persuaded that building materials used in the construction of highways, bridges, railroads, telegraph and telephone lines, fall within the class of material comprehended in subsection (i), section 1, of the act, and that upon such sales the tax is imposed. Lone Star Cement Corp. et al. v. State Tax Commission et al., supra.

We are of the opinion, and hold, in line with the great weight of current authority, that cross and switch ties, piling, bridge timbers, telephone and telegraph poles and cross-arms, when annexed to the soil, for the purposes for which suited, and for which they were manufactured and sold, become fixtures and a part of the freehold. Jones v. New Orleans & Selma R. Co. and Immigration Ass'n, 70 Ala. 227; Van Keuren v. Central R. Co. of New Jersey, 38 N.J.L. 165; Tonkawa Petroleum Corp. v. Golden Rule Refining Co., 159 Okl. 3, 11 P.2d 140; City of New Haven v. Fair Haven & W. R. Co., 38 Conn. 422, 9 Am.Rep. 399; Missouri P. Ry. Co. v. Bradbury, 106 Mo.App. 450, 79 S.W. 966; Union Pac. R. Co. v. Board of Commissioners, 114 Kan. 156, 217 P. 315; American Union Tel. Co. v. Middleton, 80 N.Y. 408; Streator Ind. Tel. & Tel. Co. v. Interstate Ind. Tel. & Tel. Co., 142 Ill.App. 183, 185; Western Union Tel. Co. v. Tennessee, 9 Baxt., Tenn., 509, 40 Am.Rep. 99.

We are of the opinion the circuit court reached a proper conclusion in this case, and that its judgment should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.