195 So. 428

**CURRY, Commissioner of Revenue, et al.**
**v. REEVES.**

3 Div. 312.

Supreme Court of Alabama.

June 6, 1940.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellants.

B. M. Bains, of Oneonta, for appellee.

GARDNER, Chief Justice.

Complainant seeks to have declared his exemption from the general provisions of the sales tax (General Acts 1939, p. 16) as to "baby chicks" sold which were hatched.

from the eggs produced by his hens on his farm. They were hatched by an incubator in his store at Oneonta where he presumably resided and conducted a wholesale and retail feed business.

The exemption feature of the act (Section V, sub-section f, General Acts 1939, p. 19) was several times amended (General Acts 1939, p. 228, approved March 14, 1939; General Acts 1939, p. 498, approved September 13, 1939; General Acts 1939, p. 529, approved September 13, 1939) but we are persuaded these amendments were for purposes other than those relating to poultry or poultry products, and that in fact no substantial change in the exemption as to this subject was intended from that contained in the original act approved February 8, 1939.

True, in the amendatory acts approved on the same day (September 13, 1939) in the concluding sentence of subdivision "f" there are in one of the acts the words "poultry or poultry products" and in the other the words "poultry products" only, but this is to our minds a clear inadvertent omission, as all the amendatory acts considered tend to show, and is properly so to be treated here. Moreover, the sole purpose of the concluding sentence was merely to emphasize the fact that for such exemption to obtain the gross proceeds of the sale must be of "products of the farm" and not otherwise.

Subdivision "f" exempts "the gross proceeds of sales of * * * poultry and other products of the farm * * * when in the original state of production, or condition of preparation for sale, when such sale or sales are made by the producer or members of his immediate family or for him by those employed by him to assist in the production thereof". Then follows the provision against the exemption of gross proceeds of the sale of poultry or poultry products, "when not products of the farm".

The case of State v. Kennerly and Patterson, 98 N.C. 657, 4 S.E. 47, 48, contains some discussion of the meaning of the words "products of the farm", but we think the case of Trustees of Rochester v. Pettinger, 17 Wend. 265 from the New York Court bears closer analogy to the instant case and is helpful in determining the question here presented. There a farmer was exempt from the law as to sale of his meats or other products of the farm. Though the defendant in that case owned and operated a farm, yet he also owned and operated as a regular business a butcher shop, and the holding was that the meat sold in the butcher shop was not within the exempt class though it came from the butcher's own farm.

The court observed that his regular business was that of a butcher and the farm an adjunct and largely a convenience to that business, and of consequence the defendant did not occupy the farm as a farmer within the meaning of the exemption provision, but as a butcher, saying: "He would occupy it, not as a farmer, but as a butcher, with a view the better to promote his business in that line".

We consider the logic of this old authority entirely sound and worthy to be followed. And we think the same reasoning applicable here. It is clear enough this exemption feature was enacted for the benefit of the farmer and in order to encourage a wider market for his products. It was just as much for the farmer as if so named in the statute as it was in the Pettinger case, supra. It bore no relation to a mercantile business but contemplated such "products of the farm" when in the original state of production or condition of preparation for sale when made by the producer or members of his immediate family or some one employed in the production.

All of these specific provisions tend to show that the exemptions were for the farmer as such and for none other. We think it a reasonable inference that complainant's principal business was that of a wholesale and retail dealer in feed stuffs. Presumably it was a business of no small consequence, and the farm, ten miles distant, was used in connection therewith and as an adjunct thereto.

The eggs brought from the farm were carried to the store and there by use of an incubator converted into baby chicks for sale along with eggs purchased elsewhere and hatched in the two other incubators, for sale of which concededly the tax was due.

Therefore, in connection with the store complainant operated a hatchery business, and it may be readily seen the difficulty presented to the taxing authorities in separating the taxable from the untaxable if complainant's position be well taken.

In considering the exemption feature of the statute we should bear in mind

the universally recognized rule that taxation is the rule and exemption the exception and that the legislative intent to release property from its just proportion of the public burden "ought to be expressed in clear and unambiguous terms; it ought not to be deduced from language of doubtful import." Bowman et al. v. State Tax Commission, 235 Ala. 190, 178 So. 216, 217.

We are at the conclusion that the exemption was for the farmer, and that complainant is claiming the benefit thereof more as a merchant than as a farmer and that such sales do not come within the exemption feature of the statute. At least, to our minds, the clear and unambiguous terms of the statute do not lead to that end.

It results that in our opinion the decree is laid in error and must be reversed and one here rendered declaring complainant subject to the tax.

Reversed and rendered.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.