2 So.2d 420

**BURFORD–TOOTHAKER TRACTOR CO. v. CURRY, Commissioner of Revenue, et al.**

3 Div. 341.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

Ball & Ball, of Montgomery, for appellant.

BOULDIN, Justice.

This appeal involves the construction of our sales tax statutes as applied to the particular business set forth in an agreed statement of facts.

Appellant is, and has been since 1937, in the business of selling "caterpillar tractors" to concerns engaged in the business of cutting trees and sawing logs into lumber from standing timber. The tractors are

sold to be used and are used to pull logs out of swamps on their way to the sawmill.

The tractor consists of a diesel or gasoline engine mounted on a frame, which in turn is mounted on wheels. The motive power is communicated to the wheels, and by them to a wide metal endless chain-belt, whose outer flanges furnish greater traction on soft or swampy ground. The tractor is equipped with cables to tie on the log in the woods; sometimes with a winch to draw the log nearer the tractor before the tractor moves. The logs are moved out to where they are loaded on trucks, then hauled to the mill yard. In a few instances, nearby logs are moved to the mill yard by the tractor.

The State, claiming sales of these tractors are retail sales, made demand for the payment of the sales taxes due upon such sales under Sales Tax Act of 1937, Gen. Acts Special Session 1936-37, p. 125, § 2; and under Section II of the statute as amended, Gen. Acts 1939, p. 16, Code 1940, Tit. 51, § 753.

The taxpayer insists these machines are sold for use "in manufacturing," defined as "wholesale sales" in Section 1 of Act of 1937, and listed as exempt from sales tax under Section V (r), Act of 1939, Code 1940, Tit. 51, § 755 (r); and, therefore, no sales taxes are due on such sales. The trial court decreed these sales were subject to the Sales Tax Statutes, &c.

Counsel on appeal debate whether this logging operation is part and parcel of the manufacturing business of sawmilling, or is to be deemed a distinct business operation in construing these sales tax acts. No other question is argued.

We deem this inquiry immaterial.

■ Sales of these caterpillar tractors equipped for transporting logs and used exclusively for that purpose as stipulated, are, in our opinion, sales of "automotive vehicles," put in a class all their own in our Sales Tax Statutes.

Section 2 (b), Gen. Acts 1936-1937, Sp. Sess., p. 126, reads: "Upon every person, firm or corporation engaged or continuing within this State in the business of selling any automotive vehicle, an amount equal to one half of one per cent of the gross proceeds of the sale of said automotive vehicle."

The same language is employed in Section II (c) of Gen. Acts 1939, p. 18, Code 1940, Tit. 51, § 753(c).

■ The inclusive designation "automotive vehicle" is to be given a liberal construction in favor of the taxpayer.

■ "Automotive" means: moved by its own power, self propelling. No debate, we apprehend, on this point. This feature is a major factor in fixing the sale's price.

"Vehicle" was defined by this court long before these statutes were enacted in these words: "A vehicle is defined to be, 'any carriage moving on land, either on wheels or runners; a conveyance; that which is used as an instrument of conveyance, transmission, or communication.' Cent. Dict." Davis v. Petrinovich, 112 Ala. 654, 21 So. 344, 36 L.R.A. 615.

As a rule the article to be transported is loaded on the vehicle. But this is not controlling. The definition of "vehicle" is widened to include a mechanism used as "A means of conveyance;" "That which is used as an instrument of conveyance." Webster's New International Dictionary. See, also, 44 Words & Phrases, Permanent Edition, page 92.

The load may be suspended under the vehicle, one end of the log may be on the vehicle, the other on the ground, or the log may be skidded or "snaked" on the ground, to use the terminology of the woodsman. The controlling fact is, Does the machine in operation transport the log from one point to another?

For aught appearing this tractor, with little or no readjustment, could be used for purposes other than the transportation of logs. Our holding is limited to the specific use disclosed in the agreed facts. We do hold the sales of these machines for such use are subject to the same tax as sales of the trucks which take up transportation of the logs where the tractors leave off.

The decree of the court below is not in accord with this opinion. As written, it must be construed to adjudge the taxpayer liable for the regular 2% sales tax imposed on sales at retail. In this the court responded to the contentions of the parties. Both parties, however, sought a declaration of the law of the case, and we think the law of the case should be declared. The decree will be modified so as to conform to this opinion and as modified affirmed.

■ Let the costs of appeal be taxed, one-half to appellant, and one-half to ap-

pellee, to be paid from State funds to which they are properly chargeable, as in cases where the State is plaintiff in a civil suit.

Modified and affirmed.

GARDNER, C. J., FOSTER and LIVINGSTON, JJ., concur.