6 So.2d 479

**CURRY, Com'r of Revenue, v. WOODSTOCK SLAG CORPORATION.**

**3 Div. 360.**

Supreme Court of Alabama.

Jan. 22, 1942.

Rehearing Denied March 5, 1942.

380

Thos. S. Lawson, Atty. Gen., and W. W. Callahan, Asst. Atty. Gen., for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

FOSTER, Justice.

This is a suit by appellee against John C. Curry, as Commissioner of Revenue for Alabama, and as chief executive officer of the State Department of Revenue, for a declaratory judgment as to whether the sales tax is applicable to a given state of facts set out in the bill of complaint. The only relief sought is a declaration settling an alleged actual controversy between complainant and respondent as to the applicability of the Sales Tax Act, Code 1940, Tit. 51, § 752 et seq.

It therefore seeks the construction of a statute as authorized by Title 7, sections 157 et seq., Code of 1940. No injunction is sought, nor other relief which affects the rights of the State. The only contention made on this appeal is that the suit is essentially against the State and in violation of section 14, Constitution of Alabama 1901, which prohibits the State from being a defendant in any court of law or equity.

This prohibition of the Constitution cannot be waived by the State. Alabama Industrial School v. Adler, 144 Ala. 555, 42 So. 116, 113 Am.St.Rep. 58; State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581.

This immunity does not extend to officers when an effort is made to compel them to perform ministerial acts. State v. Clements, 217 Ala. 685, 117 So. 296;

State Board v. Roquemore, 218 Ala. 120, 117 So. 757; State Docks Commission v. Barnes, supra.

Nor when officers under a mistaken interpretation of the law acting in the name of the State commit acts not within their authority which are injurious to the rights of others. Finnell v. Pitts, 222 Ala. 290, 132 So. 2. It is said in 25 R.C.L. 415, that "the acts of officials that are not legally authorized or that exceed or abuse the authority of discretion conferred upon them are not acts of the state." It is not at all the necessary consequence of a suit to settle an actual controversy with such an officer before the deed is done that it be in essence one against the State. An officer is often confronted with the problem of what the law means which requires certain acts on his part and whether it is valid. Advice by the Attorney General does not protect him against the claims of individuals which result from an erroneous construction of law affecting his duties. Code of 1940, Title 55, §§ 240–241.

■ When such a controversy arises between him and an individual the Declaratory Judgments Act furnishes the remedy for or against him. When it is only sought to construe the law and direct the parties, whether individuals or State officers, what it requires of them under a given state of facts, to that extent it does not violate section 14, Constitution. This theory has been apparently recognized without question in all such cases. Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402; Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399; City Paper Co. v. Long, 235 Ala. 652, 180 So. 324; Wood Preserving Co. v. State Tax Commission, 235 Ala. 438, 179 So. 254; State Tax Commission v. Hopkins, 234 Ala. 556, 176 So. 210; Cody v. State Tax Commission, 235 Ala. 47, 177 So. 146; Pappanastos v. State Tax Commission, 235 Ala. 50, 177 So. 158; Hattemer v. State Tax Commission, 235 Ala. 44, 177 So. 156; Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86; Graybar Elec. Co. v. Curry, 238 Ala. 116, 189 So. 186; Long v. Roberts & Son, 234 Ala. 570, 176 So. 213; Bowman v. State Tax Commission, 235 Ala. 190, 178 So. 216; Holt v. Long, 234 Ala. 369, 174 So. 759; Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233; Long v. Poulos, 234 Ala. 149, 174 So. 230; McPhillips Mfg. Co. v. Curry, 241 Ala. 366, 2 So.2d 600, 601; Burford-Toothaker Tractor Co. v. Curry, 241 Ala. 350, 2 So.2d 420. There are probably many others.

If appellant's contentions were sound, all such cases would be as a scrap of paper.

All the cases on which appellant relies have other elements in addition to a declaration of rights under the law, which were held to affect the interests of the State in a direct way: Such as those seeking an injunction of the collection of taxes, State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31; Barlowe v. Employers Ins. Co., 237 Ala. 665, 188 So. 896; and a suit which seeks to enjoin a prosecution of an indictable offense Montiel v. Holcombe, 240 Ala. 352, 199 So. 245.

■ This section of the Constitution prohibits a suit against the State by an indirection as by setting up a board and allowing it to be sued for the State's contract or other liabilities when the effect is to fasten a claim against the State's resources. Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383.

It also prohibits a personal action against the State Tax Commission to recover money paid as a license tax under protest. Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560.

The question of whether the State is in substance a party to such a suit as the one now before the Court has never been heretofore presented, but the contrary has been assumed in a great many cases such as those we have cited.

■ Considering the true nature of a suit which is declaratory of controversial rights and seeks no other relief, but only prays for guidance both to complainant and the State officers trying to enforce the law so as to prevent them from making injurious mistakes through an honest interpretation of the law, and thereby control the individual conduct of the parties, albeit some of them may be acting for the State, it is our opinion that a suit between such parties for such relief alone does not violate section 14 of the Constitution.

The decree overruling the demurrer is free from error insofar as that contention is concerned. That is the only one made on this appeal.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.