FRED HENDERSON AND J. R. HENDERSON, D/B/A HENDERSON FLOWER SHOP, v. EDWIN GILL, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 13 October, 1948.)

1. **Taxation § 34: Estoppel § 10—The sovereign cannot be estopped in the performance of a governmental function.**

   Plaintiff florists were advised by a collector of the Department of Revenue that sales of flowers grown on their own land were not subject to sales tax. Subsequently the Department of Revenue forced payment of sales tax on such sales and plaintiffs entered this suit to recover the tax paid under protest. *Held:* Even though plaintiffs are unable to collect sales tax from the purchasers on the past transactions and under the statute were merely agents for the collection of the taxes, and even though the acquiescence of the Commissioner of Revenue in the sales tax reports should be considered equivalent to an administrative interpretation of the statute, the State is not estopped by the misdirection and laches, since the collection of taxes is a governmental function and plaintiffs' agency in the collection of the taxes was one of law with fixed liability to account for the tax imposed.

2. **Taxation § 1c—**

   Classification of businesses and transactions for taxation are unassailable when the description of the classes is reasonably definitive and clear and the classification is reasonable and not arbitrary.

3. **Taxation § 38c—**

   In an action to recover taxes paid under protest, the taxing statute will be construed strictly against the taxing agency in the enumeration of classes subject to the tax, but the burden is upon the taxpayer to show that he comes within an exemption or exception.

4. **Taxation § 30—**

   Flowers grown upon the vendors' own land are farm products within the meaning of the exemption of such products from the N. C. Sales Tax. G. S., 105-169 l.

**5. Same—**

Plaintiffs operated a florist shop and sold therein flowers grown by themselves on their own land and also flowers purchased from wholesalers. *Held:* The sale of flowers grown by them on their own land is not exempt from the N. C. Sales Tax, since even though such flowers be regarded as farm products, such sales were made by plaintiffs in their character and capacity as florists and not as farmers or producers. G. S., 105-169 l.

PLAINTIFFS' appeal from *Moore, J.,* June Term, 1948, WILKES Superior Court.

In this action the plaintiffs seek to recover back taxes paid the defendant under protest under circumstances set forth in the agreed statement of facts upon which the case was heard. These may be summarized as follows:

The plaintiffs are partners doing business under the trade name "Henderson Flower Shop." They were required to make reports on sales previously made by them. The sales were of flowers partly raised by them in a hot house, or green house, of their own, and upon land cultivated by plaintiffs, some sold as cut, and some after fabrication or shaping in the form of wreaths and designs, and partly flowers bought at wholesale and retailed through the shop.

The first report of plaintiffs' sales was made in March, 1946. At that time the books of plaintiffs were opened to defendant's auditor and collector, and a full disclosure was made of plaintiffs' sales, the manner of acquisition of their stock, and all other matters necessary to determine the taxes due the State on said sales.

The plaintiffs were then advised of the amount of taxes due, and the method by which the computation had been made to arrive at the taxes due. Plaintiffs were advised that they were not liable for sales tax on flowers sold as cut from the green house and cultivated area, and were not liable to be taxed on the labor and service entering into the cost price of the fabricated flowers; were liable for the tax on retail sale of flowers bought from others at wholesale, but not, however, on the service and labor that entered into the retail cost. The said agent found that the plaintiffs were liable for tax on 40 per cent of the total sales and were not liable on 60 per cent, and computed the tax which plaintiffs paid. Plaintiffs were thereupon instructed that they should hereafter report their sales on that basis, using as a model the report made out by him. At the stated times they were required to make their reports, from May, 1945, down to and including the last report in 1946, all of plaintiffs' reports were prepared and made according to these instructions—every report showing that plaintiffs were paying three cents sales tax on 40 per cent of their sales and were paying no tax on 60 per cent of their

sales, which continued to represent the tax due on the basis of the instruction.

The plaintiffs contend that they are not liable for the tax on sale of flowers as cut from the greenhouse, and raised by them through cultivation of their own soil, nor upon the labor and service of making into wreaths or designs of these or flowers bought at wholesale, and that they have paid all sums due the State in sales tax liability as the same became due, and owe the State nothing on their demand for delinquent taxes, which they, nevertheless, paid under compulsion and are justly entitled to recover back. They plead further that because of the advice and instructions given them by defendant's agent, which they followed, they are now unable to collect the three per cent tax from their customers.

They further contend upon the foregoing facts that because of misleading advice and instructions given the plaintiffs by defendant's agent whereby they are deprived of the opportunity to collect sales tax from purchasers as required by law, and by reason of laches in the matter of collection, defendant is estopped from the collection of the said tax.

The controversy was submitted to Judge Moore for hearing and decision without a jury. Judge Moore adjudged that plaintiffs recover nothing. Plaintiffs appealed.

*W. H. McElwee for plaintiff, appellant.*

*Attorney-General McMullan and Assistant Attorneys-General Tucker and Abbott for the State.*

SEAWELL, J. The plaintiffs, having paid the tax under protest, base their right of recovery back upon either of two propositions: (a) That under the facts of this case the defendant is estopped from collection of the taxes now classified as delinquent because of the misdirection and laches of the collecting agency; and (b) that they were and are in fact and law not liable for the tax on the items of sale excluded by the Revenue Department's auditor and agent, these being of the same character as now taxed.

1. From the stipulated facts it appears that the first report of sales made by the plaintiffs was formulated by an official auditor from the Revenue Department on a full disclosure of sales previously made, and with a knowledge of the sources and manner of acquisition of the products and materials sold.

It may be conceded that since the original report prepared by the auditor and subsequent reports made upon the same basis came to the Department in due time and, presumptively at least, received the attention of the Commissioner, who is *imprimis* charged with interpretation of the statute as an administrative duty; and if the reports were sufficiently

analytical to show the incidence of the tax and its basis according to the audit and instruction given these taxpayers, it might be inferred that the exemptions or non-liability as to certain items were the subject of an administrative ruling, or are to be so considered, regardless of any defect in the authority of the agent to bind the Commissioner. But that is not enough.

The case of plaintiffs has an appeal stronger than that which usually supports a plea of estoppel. The official representations made to them are now conceded to have been incorrect and misleading and because of the multitude of the transactions and want of any record of the purchasers they were thus deprived of the opportunity to collect the three per cent tax on sales made on products they were advised were exempt. Moreover, it must be noted that these plaintiff merchants were statutory agents for the collection of the tax on sales which were definitely imposed upon the consumer, and their responsibility arises on the assumption that they must so collect.

These facts, however potent in creating an estoppel in ordinary transactions between individuals, do not estop the State in the exercise of a governmental or sovereign right. *Taylor v. Shufford*, 11 N. C., 116; *Candler v. Lunsford*, 20 N. C., 542; *S. v. Bevers*, 86 N. C., 588; *S. v. Finch*, 177 N. C., 599, 99 S. E., 409; Bigelow on Estoppel, p. 372.

Although some other jurisdictions, on considerations regarded as more practical, if not more just, view the matter differently, the majority view seems necessary to prevent a chaotic condition and endless dispute in the collection of taxes and is so deep-rooted in our system that we are not at liberty to depart from it on the mere occurrence of a hard case.

The action here is against the State, by statutory permission; G. S., 105-406. The imposition and collection of taxes are, of course, governmental functions; and the State cannot, by the conduct of its agents be estopped from collecting taxes lawfully imposed and remaining unpaid; and under the law as we understand it neither can their conduct or advice create an estoppel against the State by these retail merchants on the theory of their mere agency since they are the agent of the law, with a fixed liability to account for the tax imposed. *Walgreen Co. v. Gross Income Tax Division*, 75 N. E. (2d), 784 (Ind.); *Commissioner of Corporations and Taxation v. St. Botolph Club*, 321 Mass., 269, 72 N. E. (2d), 518; *People v. Minuse*, 70 N. Y. S. (2d), 426; 31 C. J. S., Estoppel, sec. 147; 19 Am. Jur., Estoppel, sec. 166; 51 *id.*, Taxation, sec. 966.

2. A more interesting, if not more serious, question is mooted with respect to the actual liability of the plaintiff for the tax on the items excluded by the auditor from his computation,—and especially the sale of flowers as cut from the nine acres or the greenhouse of plaintiffs where they were cultivated and grown by the plaintiffs themselves.

The sales tax statute, after defining retail merchants,—(G. S., 105-167 (6)),—and imposing the three per cent tax generally on sales (G. S., 105-168 (b)), provides the following exemption (G. S., 105-169 (1)) : "Sales of products of farms, forests, mines, and waters when such sales are made by the producers in their original or unmanufactured state."

The appellee contends, with citation of authority, that a valid distinction for upholding the tax exists in the fact that the sales in this instance were made in plaintiffs' character and capacity as florists and not as farmers or producers, contending that their operations in producing, if farming, were subordinate or incidental and the products constituted merely a source of supply for their mercantile business as florists.

Acting within the limits of our Constitution, a large field is afforded the Legislature in its choice of subjects for taxation. When these subjects are segregated by descriptions or definitions with reasonable clearness,—the classification reasonable and the distinctions made not arbitrary or capricious,—the imposition of the tax is not assailable. *S. v. Williams,* 158 N. C., 610, 73 S. E., 1000; *Snyder v. Maxwell,* 217 N. C., 617, 9 S. E. (2d), 19; *Leonard v. Maxwell,* 216 N. C., 89, 3 S. E. (2d), 316; 51 Am. Jur., Taxation, sec. 173, p. 231. As to the incidence of the tax where it is imposed upon a general class, as in the present instance retail merchants, the law is construed more strictly against the agency imposing the tax, and in favor of the taxpayer. But where the coverage is challenged by virtue of an exemption or exception, the burden is upon the challenger to bring himself within the exemption or exception. A want of clarity in describing the general class or in defining the exempted class often causes confusion, from which the present case is not free.

Perhaps the best aid to the interpretation of the exempting clause lies in its over-all meaning and purpose. The large field which it is intended to cover, that is to encourage cultivation of the soil upon which the life of the race depends, and secure an adequate supply of farm products for the welfare and comfort of man; and it is not to be supposed that the lawmakers intended to withdraw from the comprehensive wording of the statute the cultivation and sale of flowers because their appeal is only to the esthetic sense, for which *non curat lex.* The culture of the human race, no matter how tall the tree, or magnificent its flowering, has its root in the soil; and flowers are within the appreciation which makes it up. The gladiolas, dahlias and peonies cut from plaintiffs' nine acres and the more aristocratic roses, carnations and, perhaps, orchids taken from the quarter-acre enclosed in glass, must, we think by common acceptation, stand on the same footing as other farm products, just as the tulips grown on more extended farms in our County of Beaufort unquestionably do.

The contention is that the sales of the plaintiffs are taken out of the exception by reason of the fact that the flowers were sold by them not as farmers or producers but as tradesmen under the name of "Henderson Flower Shop" and in their ordinary business as florists. It is to be noted that we have no occupational tax on florists and must, therefore, resort to the popular conception of that term. Webster's dictionary defines it as "a cultivator of, or dealer in, ornamental flowers or plants." We assume that the defendant must be referring to the fact that the plaintiffs "major" in this activity rather than as farmers or producers; and the appellee points out, and cites persuasive authority to the effect, that where the product is produced incidentally as a supply to the main business the right to the exemption is lost. See *infra.*

It is an open question as to the exact meaning to be given "in its original state." A pig prepared for market is certainly not in its original state when dismembered and sacked; and the transition from pork to Smithfield ham is assisted by skill of as fine a quality as that employed in many manufactures; and the weaving of flowers into a wreath or design is not the real test of the tax imposition. How far the duality of occupation may be relied upon to justify the tax upon a sale through a shop devoted solely to trade carried on by the producer does not seem to have been passed on by our own Court and it leads us to the question whether the distinction is intended by the statute, well founded and reasonable.

It must be conceded, we think, that the weight of authority sustains the position taken by the defendant; and if there is any lack of propriety in the imposition of the tax it must be the subject of legislative rather than judicial action.

We have collateral authorities cited on both sides of the question but some have a more direct bearing. In *Curry v. Reeves,* 240 Ala., 14, 195 So., 428, we have the following:

> "Subdivision 'f' exempts 'the gross proceeds of sales of poultry and other products of the farm when in the original state of production, or condition of preparation for sale, when such sale or sales are made by the producer or members of his immediate family or for him by those employed by him to assist in the production thereof.' . . . The case of *State v. Kennerly and Patterson,* 98 N. C., 657, 4 S. E., 47, 48, contains some discussion of the meaning of the words 'products of the farm,' but we think the case of *Trustees of Rochester v. Pettinger,* 17 Wend., 265, from the New York Court bears a closer analogy to the instant case and is helpful in determining the question here presented. There a farmer was exempt from the law as to sale of his meats or other products of the farm. Though the defendant in that case owned and operated a farm, yet he also owned

and operated as a regular business a butcher shop, and the holding was that the meat sold in the butcher shop was not within the exempt class though it came from the butcher's own farm. The court observed that his regular business was that of a butcher and the farm an adjunct and largely a convenience to that business and of consequence the defendant did not occupy the farm as a farmer within the meaning of the exemption provision, but as a butcher, saying: 'He would occupy it, not as a farmer, but as a butcher, with a view the better to promote his business in that line.' "

The Pettinger opinion goes on to say that the exemptions were for the benefit of the farmer as such and for none other, and not for the regular business carried on by the dealer.

In the case at bar we must keep in mind that the tax is imposed with respect to sales made by a retail merchant and must be looked at from that angle; and this should properly be the beginning of our reasoning, rather than with the exception. The sale was a transaction carried on by the plaintiffs as retail merchants through a regular place of business devoted to that purpose. And in considering the taxability of the sale the distinction made by the defendant, to wit, that the business which brought about the sale was that of a retail merchant and not that of a farmer and cultivator of the soil in producing the product, does not seem to be an arbitrary or capricious distinction; and in view of the burden which rests upon the plaintiffs to bring themselves within the exception, we must regard it as a reasonable differentiation and justification for the tax.

The judgment against the plaintiffs of non-recovery or dismissal must be

Affirmed.