No. 19,303.

CITY AND COUNTY OF DENVER, ET AL. *v.* SPEARS FREE
CLINIC AND HOSPITAL FOR POOR CHILDREN.
(350 P. [2d] 1057)

Decided April 11, 1960.

Mr. DONALD E. KELLEY, Mr. HORACE N. HAWKINS, JR.,
Mr. W. KEITH PETERSON, for plaintiffs in error.

347

Mr. CHARLES GINSBERG, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

WE have been asked to determine this matter on Denver's application for supersedeas. Denver would have us reverse a judgment entered against it in proceedings for declaratory judgment and injunctive relief brought by Spears Free Clinic and Hospital for Poor Children (hereinafter referred to as Spears).

The city maintains that the matter of a tax exempt status may not be determined in an action seeking a declaration of rights and status and for injunctive relief. It is said that courts lack jurisdiction to resolve such questions in such proceedings. Upon the merits, the question is whether certain real property of Spears is exempt from taxation.

At the time of rendition of judgment, the trial court made unnecessary the filing of a motion for new trial and gave Denver thirty days in which to have prepared and lodged a transcript of the evidence. Having failed to obtain an extension of time, and not having filed the transcript of the evidence within the time fixed, the trial court refused to certify such portion of the record.

In proceedings before this court, we refused to disturb the action of the trial court in this respect. As a consequence of our ruling, Denver advises us in its reply brief that:

"In view of the ruling of this Honorable Court respecting the exclusion of the reporter's transcript from the record on error, the issues herein are thereby reduced to the last three assignments of error set forth on page 6 of the brief of plaintiffs in error in support of Application for Supersedeas. By reason thereof, it is immaterial in this cause whether or not the character

of the use of the property involved is charitable. The case must be resolved on questions of jurisdiction of the Trial Court."

The record being in such posture in this court, it is unnecessary to set forth in extension the evidence in this case in order to determine whether the trial court properly resolved the question of the tax exempt status of the property involved and owned by Spears. We deem it sufficient to say that the entire record, including the transcript of the evidence, was reviewed by the court and that substantial evidence appears therein which supports the able trial judge in his findings and judgment.

It appears that an unfinished structure, costing to date in excess of $800,000.00, has been erected on a part of the premises involved; that the premises are used in connection with the operation of the finished hospital facilities (enjoying tax exemption as a charitable institution) to an extent and in a manner wholly consistent with the operation of a hospital.

Article X, Section 5 of the constitution of this state exempts from taxation property used for strictly charitable purposes "unless otherwise provided by general law." C.R.S. '53, 137-12-3 (8), 1957 Cum. Supp., exempts from taxation "property, real and personal, that is used solely and exclusively for strictly charitable purposes." The fact that the building remains in an unfinished state, due to inability to obtain funds to complete it, does not destroy the property's tax exempt status, because of the uses to which it is being put, related to hospital activity, pending its completion.

May an owner of property have determined tax exemption in proceedings asking for declaratory and injunctive relief? Decisions would indicate that such action is proper. In *Colorado Farm & Livestock Co. v. Beerbohm,* 43 Colo. 464, 96 Pac. 443, in its statement of the facts preceding the opinion the court said: "This ac-

tion was brought to restrain the defendant in error from selling the lands or any part thereof for said taxes upon the date advertised, and for a judgment declaring that said lands and each and every part thereof and all interest therein are not now subject to taxation, and perpetually enjoining him and his successors from selling said lands and each and every part thereof for said taxes." We believe that the following quoted portions of the opinion have application to the present case:

"Nor do we think there is any merit in the further claim of defendant in error that the court was without jurisdiction to entertain this action and grant the relief prayed for.

"The cases cited by defendant in error, to wit, *Insurance Co. v. Bonner*, 24 Colo. 220, and *Highlands v. Johnson*, 24 Colo. 371, are distinguishable from this case in that the property therein sought to be taxed was, in fact, subject to taxation.

"These cases, therefore, do not support the contention of defendant in error that the plaintiff is not entitled to injunctive relief in the circumstances of this case.

\* \* \*

" \* \* \* The question, therefore, as to when and under what circumstances a court of equity will entertain jurisdiction to remove a cloud from title is not involved in this case; but the right of a court of equity to enjoin the enforcement of a tax that is void because the land sought to be taxed is exempt from taxation. Such a remedy is clearly within the jurisdiction of a court of equity, and the court having acquired jurisdiction of the action brought for that purpose, the subsequent wrongful conduct of the defendant in error will not deprive it of the power to grant such ultimate relief as the plaintiff may be entitled to upon the facts occurring during the pendency of the suit and which were fully presented by the supplemental complaint.

"We think that the doctrine applicable under the facts

of this case is stated by Mr. High, in his work on Injunctions, as follows:

" 'An important exception to the general doctrine of non-interference by injunction against the collection of the revenue because of illegality in the tax is recognized in that class of cases where the relief is sought against a tax assessed upon property which has been exempted by law from taxation. Indeed, the exception has been so uniformly recognized as to become of itself a governing rule in the class of cases now under consideration.' — 1 High on Injunctions (4th ed.), §530.

"And, further, at pages 504 and 505:

" 'And where an act of legislature, held by the court to be constitutional, exempts certain property from taxation, an injunction will be allowed against the enforcement of a tax upon such property.'

"This rule is approved in *Fargo v. Hart,* 193 U.S. 490, wherein it is said:

" ' "If there was no right to assess the particular thing at all, * * * an assessment under such circumstances would be void; and, of course, no payment or tender of any amount would be necessary before seeking an injunction." '

"The view that we have taken of the foregoing questions renders it unnecessary to consider the further reasons urged why the attempted levy and sale of plaintiff's interest were illegal and void.

"Our conclusion is, that the plaintiff's complaint alleged facts sufficient to entitle it to the injunctive and other relief sought, and that the court erred in sustaining the demurrer thereto and in striking from the files the supplemental complaint and in rendering the judgment complained of."

■ "A declaratory action, it seems, will lie at the instance of a * * * taxpayer to test the right of the taxpayer's exemption from taxes. The matter of whether or not a taxpayer is entitled to exemption, by reason of its charitable character, has frequently been determined

in declaratory actions." Anderson, Declaratory Judgments (1940) §272. The author cites cases supporting the proposition.

A case quite parallel to the present one is that of *Gully v. Interstate Natural Gas Co.*, 82 F. (2d) 145. It holds that a declaratory judgment may be sought in this character of case. See also *Doby v. State Tax Comm.*, 234 Ala. 150, 174 So. 230; *Gray v. Methodist Episcopal Church*, 272 Ky. 646, 114 S.W. (2d) 1141; *German Masonic Temple v. N.Y.*, 279 N.Y. 452, 18 N.E. (2d) 657.

It is our conclusion that the trial court had jurisdiction to entertain an action for declaratory and injunctive relief respecting the question of tax exemption of Spears, and that the record contains substantial evidence to support the trial court in its determination that the property of Spears enjoys exemption under the law. We therefore affirm the judgment.