I respectfully dissent from the majority opinion. I would grant the Sierra Club's petition for a writ of mandamus, because I believe it has a clear legal right to the order sought. I believe that the Montgomery Circuit Court had jurisdiction to issue the consent judgment and was bound by law to perform that ministerial act. Ex parte Boyd, 417 So.2d 577
(Ala. 1982); State ex rel. Carmichael v. Jones, 252 Ala. 479,41 So.2d 280 (1949).
The majority holds that the circuit court correctly held that it lacked jurisdiction to issue the consent judgment, because, the majority holds, the Sierra Club should have petitioned for a writ of quo warranto, pursuant to Ala. Code 1975, § 6-6-591, rather than filing the declaratory judgment action. The majority notes that quo warranto is the proper action to "determine whether one is properly qualified and eligible to hold a public office." 674 So.2d at 57.
The Sierra Club filed an action for a declaratory judgment. Its original complaint contained 10 counts. Its amended complaint added counts 11 and 12. Although certain counts within the original complaint challenged the qualifications of John Smith as director of the Alabama Department of Environmental Management and, thus, may have been more properly brought in a quo warranto action, those counts are not the basis for the consent judgment at issue in this case. The consent judgment at issue here was based on a count alleging that three members of the Alabama Environmental Management Commission were not appointed and were not confirmed in the manner required by Ala. Code 1975, § 22-22A-6. That count did not involve an allegation that the commission members are unqualified to hold those positions, and their qualifications are not at issue in this case. Ultimately, the Sierra Club dismissed that part of the complaint alleging that the commission members were not properly appointed, and the consent judgment involved solely the issue whether the commission members were properly confirmed according to the requirements of the controlling statute. That is the claim over which the circuit court held it lacked jurisdiction. I believe that such a claim regarding the interpretation of statutory requirements is properly brought in a declaratory judgment action, and I believe the circuit court had jurisdiction to issue the consent judgment based on that claim.
Quo warranto actions are brought on behalf of the State against an individual and seek to remove that individual from a State office. In contrast, the claim on which the consent judgment is based was in essence a claim against the State — that the State did not act in accord with the requirements of §22-22A-6 when certain commission members were confirmed. The Sierra Club's claim could not have, by itself, succeeded in removing the commission members from their office. Section22-22A-6 states that appointees to the Alabama Environmental Management Commission shall have the full power of the office until the Senate, in voting on whether to confirm the appointments, declines to do so. Thus, the claim would not have been proper in a quo warranto action.
The Sierra Club's claim regarding the confirmation process required interpretation of a statute, § 22-22A-6, and was properly brought in a declaratory judgment action. See Curry v.Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479 (1942) (declaratory judgment action against the Department of Revenue regarding interpretation of the Sales Tax Act under a given set of facts). Thereafter, the attorney general, as lawful attorney for the State, had the power to reach a settlement of the case and to agree to the consent judgment. That judgment should be issued. *Page 60 
The majority relies, in part, on this Court's opinion inReid v. City of Birmingham, 274 Ala. 629, 150 So.2d 735 (1963), to support its contention that the Sierra Club should have filed a quo warranto action rather than the declaratory judgment action. Reid, however, was a narrow 4-3 decision, with two Justices joining Justice Lawson's dissent. I agree with Justice Lawson, who stated:
 "This litigation is not in the nature of a quo warranto proceeding. Only a question of statutory construction is involved and I am at a loss to understand the court's holding to the effect that the statute will not be construed."
274 Ala. at 640, 150 So.2d at 745 (emphasis added).