THOMPSON, Presiding Judge,
concurring in part and dissenting in part.
I concur in the main opinion except insofar as it denies Russell’s petition with regard to Myers’s constitutional claim. In that claim, Myers sought a declaration
“that the current method of valuation as described above upon which Plaintiff and members of the class have been, and are to be, assessed tax liability is in violation of the law and therefore illegal, that it violates both State and Federal Constitutions as it constitutes unequal valuation and violates the equal protection and due process clauses of the Constitution of the United States.”
With regard to this claim, Myers contends that her claim falls within the second exception to sovereign immunity; in other words, she contends her claim was “ ‘brought to enjoin State officials from enforcing an unconstitutional law.’ ” Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002) (quoting Aland v. Graham, 287 Ala. 226, 229-30, 250 So.2d 677, 679 (1971)).
Our supreme court has explained that when an action or claim seeks only “to construe the law and direct the parties, whether individuals or State officers, what it requires of them under a given state of facts,” it falls within declaratory-judgment exception to sovereign immunity. Curry v. Woodstock Slag Corp., 242 Ala. 379, 381, 6 So.2d 479, 480-81 (1942). Myers does not allege that the relevant statutes concerning the valuation of property for ad valorem tax purposes are unconstitutional. Rather, she seeks a declaration that her constitutional rights were violated by the method of valuation used by Russell and the DOR. That claim does not seek to interpret the law and direct the parties with regard to how to follow a proper interpretation of the law. The claim is not within the exception to sovereign immunity allowed for claims seeking “ ‘to enjoin State officials from enforcing an unconstitutional law.’ ” Patterson v. Gladwin Corp., 835 So.2d at 142. Based on the foregoing, I conclude that Myers may not maintain her constitutional claim. I believe that the trial court erred in failing to dismiss that part of Myers’s complaint asserting her claim seeking a determination that her constitutional rights were violated by the purportedly incorrect interpretation of the valuation statutes. Accordingly, I dissent from that part of the main opinion denying Russell’s petition for-the writ of mandamus directing the trial court to dismiss the constitutional claim.
PITTMAN, J., concurs.