## COMMERCIAL BANK *v.* CHAMBERS.

ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

No. 270. Argued and submitted April 26, 1901.—Decided May 27, 1901.

As the constitution of Utah distinguished between stock and credits in determining the amount of property of a national bank subject to taxation, shares of stock were not credits, and resident and non-resident shareholders were not entitled to deduct *bona fide* indebtedness from their shares of stock.

The assessed value of real estate owned by a bank in other States than that in which the bank is located, is not to be deducted in determining the amount of assessable property of the bank, unless authorized by the laws of the State in which the bank is situated.

THE plaintiff in error is a national banking association, doing business at Ogden City, Weber County, Utah. The action below was brought by the bank to enjoin the collection of the alleged illegal portion of certain taxes levied against its shareholders for the year 1898.

Certain provisions of the constitution and laws of Utah which are claimed to be pertinent to the controversy are excerpted in the margin.[1]

---

[1] Provisions of the constitution of Utah relied on by plaintiff in error (Rev. Stat. Utah, 1898, p. 61):

"ARTICLE XIII, SEC. 2. [WHAT PROPERTY TAXABLE. DEFINITIONS. REVENUE.]—All property in the State, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. The word property, as used in this article, is hereby declared to include moneys, credits, bonds, stocks, franchises and all matters and things (real, personal and mixed) cap-

Statement of the Case.

The substance of the complaint was that although the assessor in valuing the shares of stock of the bank deducted the

---

able of private ownership; but this shall not be so construed as to authorize the taxation of the stocks of any company or corporation, when the property of such company or corporation represented by such stock, has been taxed. . . ."

"SEC. 3. [LEGISLATURE TO PROVIDE UNIFORM TAX. EXEMPTIONS.]— The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the State, according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property; so that every person and corporation shall pay a tax in proportion to the value of his, her or its property: *Provided*, That a deduction of debts from credits may be authorized. . . ."

Provisions of the Revised Statutes of Utah relied on by plaintiff in error (Rev. Stat. Utah, 1898, pp. 579, 581):

"2506. All taxable property must be assessed at its full cash value. . . ."

"2507. BANK STOCK. VERIFIED STATEMENT.— The stockholders in every bank or banking association organized under the authority of this State or of the United States must be assessed and taxed on the value of their shares of stock therein in the county, town, city or district where such bank or banking association is located, and not elsewhere, whether such stockholders reside in such place or not. To aid the assessor in determining the value of such shares of stock, the cashier or other accounting officer of every such bank must furnish a verified statement to the assessor, showing the amount and number of shares of the capital stock of each bank, the amount of its surplus or reserve fund or undivided profits, amount of investments in real estate, which real estate must be assessed to said bank and taxed as other real estate, and the names and places of residence of its stockholders, together with the number of shares held by each.

"2508, ID. DEDUCTIONS.—In the assessment of the shares of stock mentioned in the next preceding section each stockholder must be allowed all the deductions and exemptions allowed by law in assessing the value of other taxable personal property owned by individual citizens of this State, and the assessment and taxation must not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this State.

"2509, ID.—In making such assessment there must also be deducted from the value of such shares such sum as is in the same proportion to such value as the assessed value of the real estate of such bank or banking association in which such shares are held bears to the whole amount of the capital stock, surplus, reserve and undivided profits of such bank or banking association.

\*      \*      \*      \*      \*      \*      \*      \*

"2518. WHAT DEBTS DEDUCTIBLE FROM CREDITS.—In making up the

proportionate amount of the assessed value of the real estate of complainant situated in the State of Utah, he neglected and refused to deduct the value of real estate owned by the bank situated without such State, and also refused to allow to certain non-resident stockholders deductions from the valuations of their shares of stock to the amount of their *bona fide* debts, though allowing deductions of that kind in favor of resident shareholders. Having tendered to the defendant what it claimed to be the lawful amount of the tax due from it, the bank brought this action to enjoin any attempt to collect the full amount of the tax as laid, and to compel acceptance of the sum which had been tendered. The trial court decided in favor of the bank. On appeal, however, the Supreme Court of the State held that the bank was not entitled to the relief prayed, and reversed the judgment in its favor with costs. Error was prosecuted to the judgment of reversal, and the cause is now in this court for review. 61 Pac. Rep. 560.

---

amount of credits which any person is required to list he will be entitled to deduct from the gross amount of such credits the amount of all *bona fide* debts owing by him, but no acknowledgment of indebtedness not founded on actual consideration, and no such acknowledgment made for the purpose of being so deducted, must be considered a debt within the intent of this section; and no person is entitled to a deduction on account of an obligation of any kind given to an insurance company for the premium of insurance, nor on account of any unpaid subscription to any institution or society, nor on account of a subscription to or instalment payable on, the capital stock of any company or corporation; and no liability of any person or persons, company or corporation, as surety for another must be deducted; and no other liability of any person or persons, company or corporation, on any bond or undertaking must be deducted; and no deduction must be made in any case unless the party claiming such deduction discloses to the assessor, under oath, the name or names of the persons to whom such party is indebted, and the amount of such indebtedness to each, and also that such indebtedness is not barred by the statute of limitations, or, in case such indebtedness is so barred, acknowledges such indebtedness in writing, duly subscribed. No debt is to be deducted unless the statement shows the amount of such debt, as stated under oath in the aggregate. Whenever one member of a firm or one of the proper officers of a corporation has made a statement showing the property of the firm or corporation, another member of the firm or another officer need not include such property in the statement made by him; but this statement must show

*Mr. Abbot R. Heywood* for plaintiff in error submitted on his brief.

*Mr. James N. Kimball* for defendant in error. *Mr. George Halverson* was on his brief.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

It is urged that "by the action of the taxing officer and the Supreme Court of Utah the shareholders of the Commercial National Bank of Ogden were treated contrary to the provisions of section 5219 of the Revised Statutes of the United States; and, further, that they were denied the equal protection of the laws." Subsidiarily, it is contended first, that the assessor erroneously refused to deduct the *bona fide* debts of non-resident shareholders from the value of their shares of stock, contrary to the provisions of the laws of Utah and the requirements of said section 5219 of the Revised Statutes of the United States (excerpted in the margin[1]), and, second, that the bank was entitled to a deduction from the assessed valuation of the stock, not only of the value of its real estate situated in

the name of the person or officer who made the statement in which such property is included. The fact that such statement is not required, or that a person has not made such statement under oath, or otherwise, does not relieve the property from taxation."

[1] Section 5219, Revised Statutes of the United States:

"SEC. 5219. Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located; but the legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes, to the same extent, according to its value, as other real property is taxed."

Utah, but the value of real estate situated outside of the limits of the State.

We will first consider the contention respecting the failure to deduct *bona fide* debts from the value of the stock of non-resident shareholders. The Supreme Court of Utah, referring to the provisions of the constitution of Utah, noted in the margin, of the statement of facts preceding this opinion, held that as the constitution of the State distinguished between stock and credits and authorized only a deduction of debts from credits, shares of stock were not credits, and both resident and non-resident shareholders were not entitled to deduct *bona fide* indebtedness from the value of their shares of stock. This construction of the statute is binding on this court. *First National Bank of Garnett* v. *Ayers*, 160 U. S. 660, 664; *First National Bank of Aberdeen* v. *Chehalis County*, 166 U. S. 440, 444. The claim of the benefit of the provisions of section 5219 of the Revised Statutes of the United States is unavailing, for the reason that there was neither averment nor proof of facts taking the case out of the operation of recent decisions of this court. Those decisions held that the term "moneyed capital," as employed in section 5219 of the Revised Statutes, forbidding greater taxation of shareholders of national banks than is imposed on other moneyed capital, does not include capital which does not come into competition with the business of national banks, and that it must be satisfactorily made to appear by the proof that the moneyed capital claimed to be given an unjust advantage is of the character just stated. *First National Bank of Wellington* v. *Chapman*, 173 U. S. 205, 219, and cases cited.

There is obviously no merit in the further contention that reversible error was committed because of the refusal to deduct from the value of the shares of stock of the bank the assessed value of real estate owned by the bank, situated in other States than Utah. There was no proof that such a deduction was authorized by the laws of Utah in valuing shares of stock of other than national banking associations. On the contrary, the Supreme Court of Utah, from an examination of the several constitutional and statutory provisions respecting the subject of taxation in Utah, concluded that the only deductions which were

authorized in the assessment of the shares of stock of national banks or other corporations organized and doing business in the State, were deductions from the value of the shares of the value of real estate situate in Utah. Manifestly, the purpose was to prevent double taxation by the State, a tax on the real estate as such and a further tax thereon by a tax on the stock to the extent that such real estate entered into the value of the stock. As the national banking law, however, permits the taxation of shares of stock of a national bank in the State where the bank is domiciled, the State of domicil is of course entitled to collect taxes upon the full value of such shares of stock. While real estate of a bank situated outside of the State of domicil is taxed in the State of its situs, yet the value of such real estate necessarily enters into and is considered in estimating the value of the shares of stock, and to deduct the value of the real estate would, to the extent of such deduction, reduce the real value of the shares, without a compensatory equivalent. These views and those expressed by the Supreme Court of Utah accord with the doctrine enunciated in *Dwight* v. *Boston*, 12 Allen, 316, 332, and *American Coal Co.* v. *County Commissioners*, 59 Maryland, 185, 193. In the latter case the principle was thus expressed (p. 194):

"The true criterion, as fixed by the statute, is the true value of the stock, without reference to the question where, or in what manner or nature of property or security, the capital stock may be invested. Whether that be invested in real estate, or other property beyond the jurisdiction of this State, the latter having control over the shares and their true value, the peculiar nature and value of the investment of the capital stock of the corporation, beyond the limits of the State, can form no proper subject for specific deduction or abatement from the true value of the shares of stock, when presented to be assessed for purposes of taxation. It is exclusively with the shares of stock, and their true value, as representing the entire corporate assets, that the tax commissioner has to deal, and not with the nature and locality of the investment of the capital stock of the corporation, except as to the real estate of the company situate within this State."

As the shares of stock were taxed as other similar property in Utah and no discrimination was occasioned, we can perceive no ground for concluding that the refusal to deduct the value of the real estate in question constituted either a violation of section 5219, Revised Statutes, or a denial of the equal protection of the laws.

*Judgment affirmed.*