193 So. 107
## TITLE GUARANTEE LOAN & TRUST CO. v. HAMILTON, Tax Collector.
### 6 Div. 599.

Supreme Court of Alabama.

Jan. 11, 1940.

· Mullins & Deramus, of Birmingham, for appellee.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., amici curiae, in behalf of the State.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

GARDNER, Justice.

Upon the merits, the question is whether or not the tangible personal property of appellant, such as office furniture, equipment and abstract books, is exempt from ad valorem taxation.

In Article XII, Chapter I (General Acts 1935, page 428), treating the matter of excise tax for financial institutions, is section 346.6 (page 433), exempting from ad valorem taxation "all moneyed capital employed

in the business the privilege of engaging in which is hereby taxed."

 Reduced to the last analysis, the argument is that the tangible personal property comes within the meaning of the words "moneyed capital," as used in said section. It may be well to here note that appellant, seeking an exemption from taxation, assumes the burden to clearly establish the right. In all cases of doubt as to legislative intention, the presumption is in favor of the taxing power. 61 Corpus Juris 391; Anniston City Land Co. v. State, 160 Ala. 253, 48 So. 659; State v. Praetorians, 226 Ala. 259, 146 So. 411.

For the appellant, the best that can be said is that the language is ambiguous, and the text of 12 Corpus Juris Secundum, Capital, p. 1124, to the effect that the phrase "moneyed capital," as used in a particular connection, has a more limited meaning than the term "personal property," is well sustained by the authorities. First National Bank v. City of Richmond, C.C., 39 F. 309; Mercantile National Bank v. City of New York, C.C., 28 F. 776; First National Bank v. Anderson, 269 U.S. 341, 46 S.Ct. 135, 70 L.Ed. 295; Commercial National Bank v. Chambers, 182 U.S. 556, 21 S.Ct. 863, 45 L.Ed. 1227; Ward v. First National Bank, 225 Ala. 10, 142 So. 93.

A reading of these cases, we think, is persuasive that these words as used in the taxing statute here considered are properly to be given their restricted meaning.

Appellant lays some stress upon the language of section 5219, R.S., in 12 U.S. C.A. § 548, where congressional authority for state taxation of national banks is found, and the decision of the Court of Appeals in Tarrant v. Bessemer National Bank, 7 Ala.App. 285, 61 So. 47, construing said section as not permitting taxation of the personal property of such institutions.

But we do not see that this matter is influential in the construction of the tax statute before us. Though appellant's business activity may, in some respects, come into competition with the national banks (Title Guarantee Loan & Trust Co. v. State, 228 Ala. 636, 155 So. 305), yet this latter authority discloses that appellant is engaged in business far beyond the scope of such banks, and we know of no rule of law which requires the legislature to pattern appellant's taxation after that of national banks in making its classification. The argument

is untenable, and we consider further discussion unnecessary.

Considered upon its merits, the decree is due to be affirmed, and as this disposes of the case other questions may well be pretermitted.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.