145 So.2d 204

**BURGESS–HAUGHTON ENTERPRISES, INC.**

v.

**Harry H. HADEN, Commissioner of Revenue.**

3 Div. 980.

Supreme Court of Alabama.

Sept. 20, 1962.

Jack Crenshaw, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert I. Burson, Jr., Asst. Atty. Gen., for appellee.

COLEMAN, Justice.

This case was originally assigned to another justice of this court but has recently been reassigned to the writer.

This is an appeal by a taxpayer from a decree wherein the court held that taxpayer was not exempt from payment of mileage tax. As far as we have ascertained, the mileage tax in question is the tax imposed on motor carriers by Act No. 664, approved July 5, 1940, General Acts 1939, page 1050, as follows:

"* * * and a mileage tax of one-fourth (¼) cent per mile, per axle, on all vehicles transporting property for hire; provided, however * * *." (Section 2, Act No. 664, supra)

This act appears as § 301(34), Title 48, Code of Alabama Recompiled 1958. For later amendment see Act No. 673, approved September 8, 1961, Acts of 1961, page 923.

The exemption sought by taxpayer is allowed by Act No. 547, approved September 9, 1955, Acts of 1955, page 1204, which recites in pertinent part as follows:

"This article shall not be construed to apply to:

"A. * * * (3) * * * motor vehicles hauling road materials and paid by the state of Alabama, for a distance not exceeding 25 miles; * *."

See § 301(2), subd. A(3), Title 48, Code of Alabama Recompiled 1958.

Taxpayer is engaged in hauling road materials for contractors who are constructing roads for the highway department of this state. The state makes prime contracts covering all the work to be performed on a construction job. The prime contractor makes subcontracts for various parts of the

work, "such as the transportation of road materials," and taxpayer's services are rendered "under subcontracts with the contractors holding the prime contract" with the state.

The president of the taxpayer corporation testified as follows:

"Q For this hauling of these road materials, were you ever paid directly by the State?

"A No, sir.

"Q How did the State pay for it?

"A Some of it was paid by the prime contractor but most of it was paid either by a supplier or a subcontractor.

"Q How did the State pay it? Whom did the State pay?

"A They paid it to the prime contractor.

"Q The State always pays the prime contractor.

"A To my knowledge, yes."

It is clear that taxpayer is not paid by the state or its agent. Taxpayer is paid by the prime contractor or the supplier of materials from whom the prime contractor or the state purchases materials.

Taxpayer concedes, as we understand it, that it is not paid directly by the state. Taxpayer insists, however, that it is paid indirectly by the state, and, therefore, is exempt from mileage tax.

As taxpayer asserts and appellee agrees, the statutory provision here is not an example of clear expression. In ordinary use of language, the state would not make payment to a motor vehicle. This use of language, however, does not aid the taxpayer.

■ Exemptions from taxation are strictly construed against the taxpayer and in favor of the state. Carter Oil. Co. v. Blair, 256 Ala. 650, 57 So.2d 64; Pullman-Standard Car Mfg. Co. v. State, 253 Ala. 638, 46 So.2d 500; State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824; Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484; State v. Bridges, 246 Ala. 486, 21 So.2d 316, 159 A.L.R. 678.

"See also, Title Guarantee Loan & Trust Co. v. Hamilton, 238 Ala. 602, 604, 193 So. 107, 108, where the court said:

"'* * * It may be well to here note that appellant, seeking an exemption from taxation, assumes the burden to clearly establish the right. In all cases of doubt as to legislative intention, the presumption is in favor of the taxing power. * * *'

"The reason for the rule of strict construction against exemptions was stated by this court speaking through Gardner, C. J., as follows:

"'In considering the exemption feature of the statute we should bear in mind the universally recognized rule that taxation is the rule and exemption the exception and that the *legislative intent to release property* from its just proportion of the public burden *"ought to be expressed in clear and unambiguous terms; it ought not to be deduced from language of doubtful import."* * * *' (Emphasis supplied.) Curry v. Reeves, 240 Ala. 14, 15, 195 So. 428, 430." Champion v. McLean, 266 Ala. 103, 111, 95 So.2d 82, 90.

■ Taxpayer contends that a workable and fair interpretation of the exemption provision is that the article does not apply, and the hauler is exempt, where the cost of hauling is ultimately and indirectly paid by the state. Perhaps such an interpretation could fairly be given to the language. The instant statute, like most if not all ambiguous statutes, is susceptible of more than one interpretation. Where tax-

**42**

payer claims exemption, however, the ambiguity is resolved against him.

Another fair interpretation of the exemption clause is, we think, that the article does not apply to motor vehicles hauling road materials where the vehicle operator, or hauler, is paid by the state. Under this latter construction of the statute, taxpayer is not exempt because it is a hauler who is not paid by the state.

Taxpayer argues that an unfair or meaningless result is reached unless the taxpayer is allowed exemption where the cost of hauling is ultimately, although indirectly, paid by the state. The argument is that the obvious purpose of the exemption provision is to eliminate the requirement for payment of tax by the hauler which tax, of necessity, must be included in the hauler's expense and for which he must be reimbursed by the prime contractor who is paid by the state. In short, it would be useless and of no profit to the state to collect a tax where the tax is ultimately paid by the state itself. Such a circle of payment does indeed appear useless. Nonetheless, the statute contemplates that result where the distance exceeds 25 miles. The legislature clearly expressed an intent to reach that result when the distance exceeds the statutory limit. We are unable to conclude that the legislature did not intend the same result when the hauler is not paid by the state, although the state ultimately provides the money which is paid to the prime contractor, or supplier of material, and is, in turn, by the prime contractor or supplier paid to the hauler. If such payment and collection of tax are not unreasonable or unfair where the distance exceeds 25 miles, no reason appears to persuade us that the same payment and collection are unreasonable or unfair where the distance does not exceed 25 miles.

The statute here does not show in clear and unambiguous terms that appellant is entitled to the exemption claimed. We are, therefore, of opinion that the exemption ap-

plies only to those carriers who are paid directly by the state and that taxpayer is not exempt from the mileage tax.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.