In the Matter of Vaughn B. Connelly, Bankrupt.

Vaughn B. CONNELLY, Bankrupt, Appellant,

v.

Isadore MICHAEL, Trustee, Appellee.

No. 28523

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 26, 1970.

Rehearing Denied April 29, 1970.

**388**

Irving M. Wolff, John H. Connelly, Palermo & Connelly, Miami, Fla., for Vaughn B. Connelly.

Paul G. Hyman, William A. Meadows, Jr., U. S. Atty., Feibelman, Friedman, Hyman & Britton, Miami, Fla., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

█ We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pac. Co., 5 Cir. 1969, 417 F.2d 526, Part I; and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; 5th Cir. R. 18.

This appeal is from an order of the district court approving and adopting the order of the Referee in Bankruptcy denying Vaughn B. Connelly's discharge in bankruptcy. Based upon the evidence submitted by the trustee, the Referee concluded that the bankrupt had violated Section 14(c) (6) of the Bankruptcy Act, 11 U.S.C. § 32(c) (6) [1] and was therefore not entitled to a discharge. On appeal, Connelly argues that the evidence produced by the trustee at the hearing on objections was insufficient to establish a prima facie case and that the Referee erred in refusing to allow the bankrupt's attorney to question the trustee as to the manner in which he conducted his investigation of the bankrupt. We affirm.

The specifications of objections to discharge were based solely upon the refusal of Connelly to comply with certain orders of the district court. These orders required the filing of financial reports relating to the business and management of Connelly's property as a Debtor-in-Possession as well as reporting the progress of certain litigation relating to the collection of money. The trus-

---

1. Section 14(c) of the Bankruptcy Act, 11 U.S.C. § 32(c) provides:

    The court shall grant the discharge unless satisfied that the bankrupt has

      \*     \*     \*     \*     \*

    (6) in the course of a proceeding under this Act refused to obey any lawful order of, or to answer any material question approved by, the court;

      \*     \*     \*     \*     \*

tee submitted these objections in the form of a written report. No witnesses were called on behalf of the trustee at the hearing. No evidence was offered to contradict the contents of the trustee's report.

In Minneapolis-Moline, Inc. v. Bryan, 5 Cir. 1969, 415 F.2d 841, 843, this Court held:

> By confirming the referee's findings of fact and conclusions of law the District Court makes them his own, and on appeal the losing party has the burden of demonstrating that the referee's findings were clearly erroneous. Martin v. Mercantile Financial Corp., 5 Cir. 1968, 404 F.2d 886, 887. A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20, 24 (1954); Chaney v. City of Galveston, 5 Cir. 1966, 368 F.2d 774, 776. Thus, "in order for a reviewing court to set aside findings of fact by a trial court sitting without a jury, it must be clearly demonstrated that such findings are without adequate evidentiary support in the record, or were induced by an erroneous view of the law, and the burden of showing that the findings are clearly erroneous is on the one attacking them." Chaney v. City of Galveston, supra at 776, citing Cedillo v. Standard Oil Co. of Texas, 5 Cir. 1961, 291 F.2d 246.

In our posture as a reviewing court, we do not find the referee's findings to be "clearly erroneous".

At the hearing on objections, the attorney for the bankrupt called the trustee to testify as an adverse witness. The attorney then proceeded to inquire as to what investigation the trustee had made prior to the filing of the objections to Connelly's discharge. The trustee's attorney objected to this questioning on the ground that the only issue was whether Connelly was guilty of acts that would bar his discharge in bankruptcy, and not whether the trustee was justified in filing his objections. The Referee sustained the objection.

It is axiomatic that the party objecting to a bankrupt's discharge has the burden to establish a reasonable basis for believing that the bankrupt has committed an act which would prevent a discharge in bankruptcy. Rice v. Mathews, 5 Cir. 1965, 342 F.2d 301; Gunzburg v. Johanneson, 5 Cir. 1962, 300 F.2d 40. When the trustee has met this burden, the burden of going forward with the evidence is upon the bankrupt to demonstrate that the bankrupt has not committed any of the alleged acts. In re Melnick, 2 Cir. 1966, 360 F.2d 918; Wertz v. Rock-Ola Mfg. Co., 4 Cir. 1964, 329 F.2d 116. Here, Connelly's attorney did not attempt to offer any affirmative evidence to refute the trustee's report. Nor did he offer any evidence to justify Connelly's failure to file the reports with the district court. In re Halpern, 2 Cir. 1968, 387 F.2d 312. Rather, Connelly's attorney attempted to impeach the credibility of the trustee and of his investigation. The attack on the credibility of the trustee and his investigation is not the equivalent of discharging the bankrupt's obligation of going forward with the evidence. The hearing on objections should not be converted into a *trial of the trustee*. Its purpose is to establish whether *the bankrupt has committed* any act which would prevent a discharge in bankruptcy. Spach v. Strauss, 5 Cir. 1967, 373 F.2d 641; Rice v. Mathews, 5 Cir. 1965, 342 F.2d 301. The Referee, therefore, correctly sustained the objections to the questions relating to the trustee's investigation of the bankrupt.

The judgment of the district court is affirmed.