609 F.2d 178
 5 Bankr.Ct.Dec. 1410, Bankr. L. Rep. P 67,298
 In the Matter of John David FOX, Jr., etc. Bankrupt.
ALABAMA DEPARTMENT OF REVENUE and Charles A. Boswell as
Commissioner of Revenue, State of Alabama, Appellants,
v.
John David FOX, Jr., Formerly d/b/a Cherokee Construction
Company and Cherokee Woodwork and Supply Company, Appellee.
 No. 77-3144.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 4, 1980.
 
 John J. Breckenridge, Asst. Atty. Gen., Montgomery, Ala., for appellants.
 Herbert D. Jones, Jr., Anniston, Ala., for appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, HILL and POLITZ, Circuit Judges.
 POLITZ, Circuit Judge.
 
 
 1
 This case presents the question whether sales taxes admittedly owed to the Alabama Department of Revenue (ADR) by appellee are discharged in bankruptcy or remain due under the nondischarge provisions of § 17a(1) of the Bankruptcy Act, 11 U.S.C. § 35(a)(1).
 
 
 2
 ADR appeals a district court decision which approves a bankruptcy court order discharging the appellee-bankrupt, John David Fox, Jr., from paying Alabama sales taxes[1] and penalties assessed at $4,031.15 for the period from January 1, 1966 through August 31, 1969.[2] Appellants challenge the district court's holding that neither § 17a(1)(d) nor 17a(1)(e) prevents the discharge. We agree that § 17a(1)(d) does not apply to the instant factual situation. However, we do not agree with the district court's conclusions that § 17a(1)(e) is inapplicable.
 
 
 3
 Section 17a(1) of the Bankruptcy Act, 11 U.S.C. § 35(a)(1), provides in pertinent part as follows:
 
 
 4
 A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: Provided, however, that a discharge in bankruptcy shall not release a bankrupt from any taxes . . . (d) with respect to which the bankrupt made a false or fraudulent return, or willfully attempted in any manner to evade or defeat, or (e) which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over . . .
 
 
 5
 ADR concedes that the sales taxes in question became legally due and owing more than three years preceding bankruptcy.[3] This would conclude our consideration but for the exceptions noted in subsections (d) and (e).
 
 
 6
 ADR asserts applicability of subsection (d) on the grounds that the tax returns filed were false. No fraud is claimed, to the contrary the parties have stipulated that none exists. The district court held that subsection (d) does not prevent discharge, holding that "false" as used in subsection (d) was intended to cover a deliberate act calculated to defraud, not a simple error as stipulated herein. A false return is something more than an incorrect return. We agree.
 
 
 7
 The essential questions we note are: (1) does § 17a(1)(e) apply to state sales taxes, and (2) has appellee actually collected sales taxes and failed to remit to the state?
 
 
 8
 This case was tried on a very brief stipulation of facts. Noting that appellee's sales might have consisted of tax exempt items, an issue not addressed in the stipulation, the district court concluded that ADR failed to carry the burden of proof that the taxes were owed by the bankrupt.
 
 
 9
 We disagree with this threshold conclusion, for it overlooks the well settled Alabama rule that "one seeking to assert an exemption from taxation has the burden to clearly establish such right, and in all cases of doubt as to legislative intent, the presumption is in favor of the taxing power." Title Guarantee Loan & Trust Co. v. Hamilton, 238 Ala. 602, 193 So. 107 (1940); State v. Bankhead Mining Company, 279 Ala. 566, 188 So.2d 527 (1966). According to this rule, appellee had the burden of proving that sales from his retail business[4] fit within one of the articulated exemptions. Not only has appellee failed to meet this burden, he has stipulated that he did not report an additional sales tax amount due and owing the State of Alabama for $3,439.27.[5] Under these circumstances, we are compelled to the conclusion that the burden of proof is not upon ADR, as maintained by the district court, but as relates to this issue the burden is upon Mr. Fox. He has not carried that burden. As further noted herein, however, this is only a threshold consideration.
 
 
 10
 The district court further concluded that § 17a(1)(e) applies only to social security taxes and income taxes and has no application to Alabama sales taxes. We find such a restrictive application inconsistent with the language and the legislative history of § 17a(1).[6]
 
 
 11
 The district court was apparently of the opinion that the primary responsibility for payment of the Alabama sales tax is upon the seller and not the purchaser. The Alabama Supreme Court has declared the "ultimate burden" of the sales tax is on the consumers, not the sellers. Ross Jewelers v. State, 260 Ala. 682, 72 So.2d 402 (1953); Merriwether v. State, 252 Ala. 592, 42 So.2d 465 (1949). Therefore, the tax at issue is one which is collected from third parties. Further, a mandatory duty is imposed on the seller to collect and remit the Alabama sales tax to the sale. Alabama v. King & Boozer, 314 U.S. 1, 86 L.Ed. 3, 62 S.Ct. 43 (1941); Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233 (1937). We hold that the Alabama sales tax is a tax within the ambit of § 17a(1)(e).
 
 
 12
 We must now finally consider whether the appellee has in fact or by operation of law "collected . . . from others . . . but has not paid over" the contested sales tax. Pertinent thereto is the following excerpt from the Alabama sales tax statute:
 
 
 13
 All taxes paid in pursuance to this article or any statute enacted in this connection shall conclusively be presumed to be a direct tax on the retail consumer, pre-collected for the purpose of convenience and facility only. Title 51 § 786(25), Code of Alabama 1940, Recompiled 1958.
 
 
 14
 The stipulation does not specifically address to whether the taxes were in fact collected, the appellee merely concedes that he is indebted for that amount. Under Alabama law appellee is obligated to collect and "owes" the sales taxes whether he actually collected same or not. The most difficult part of the instant inquiry is whether the nondischarge hammer falls only as to taxes which in fact were collected (or withheld) or falls equally upon those collected and those which should have been collected. It may be suggested that this question is dispositively resolved by the holding in United States v. Sotelo, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). We recognize one might conclude the rationale and language of that decision mandates a reversal herein denying a discharge for the entirety of the taxes at issue without regard as to whether same were in fact collected or not. We do not read the decision to require that result, for in Sotelo the facts reflected that the taxes at issue had been withheld but not remitted.
 
 
 15
 Believing the opinion should be viewed in light of the controlling facts we conclude that Sotelo is not dispositive of the essential issue herein.
 
 
 16
 It cannot be gainsaid that the purpose of the Bankruptcy Act is to allow a fresh start to the bankrupt. As noted in the S.Rep. No. 1158, 89th Cong., 2nd Sess., 1966, "The fundamental policy of the Bankruptcy Act is to provide a means for (1) the effective rehabilitation of the bankrupt and (2) the equitable distribution of his assets among his creditors." Our courts have long recognized this. For example, see Perez v. Campbell, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710-1711, 29 L.Ed.2d 233 (1971):
 
 
 17
 This Court on numerous occasions has stated that "(o)ne of the primary purposes of the bankruptcy act" is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." Local Loan Co. v. Hunt, 292 U.S. 234, 244, (54 S.Ct. 695, 699, 78 L.Ed. 1230) (1934). Accord, e. g., Harris v. Zion's Savings Bank & Trust Co., 317 U.S. 447, 451 (63 S.Ct. 354, 357, 87 L.Ed. 390) (1943); Stellwagen v. Clum, 245 U.S. 605, 617, (38 S.Ct. 215, 218, 62 L.Ed. 507) (1918); Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549, 554-555 (, 35 S.Ct. 289, 290, 59 L.Ed. 713) (1915).
 
 
 18
 Consistent with this we are constrained to hold that the denial of the discharge under § 17a(1)(e) extends only to sums Actually collected or withheld, for there we have an improper animus. We do not assign that same animus to the situation where the civil liability automatically attaches for taxes which are not collected or withheld short of a situation covered by § 17a(1)(d).[7]
 
 
 19
 We conclude that the proper interpretation of § 17a(1)(e), consistent with the intent of the Bankruptcy Act and the legislative historicity of the section, prohibits discharge in bankruptcy only for sales taxes Actually collected or withheld and not remitted. To the extent the debtor merely failed to acquit a statutory duty and collect taxes he is discharged.[8]
 
 
 20
 From the record before us it is not possible to ascertain what portion of the sums at issue, if any, were actually collected. As to this issue, the presumption in favor of the State of Alabama referred to above is not sufficient. There must be proof of actual collection, dehors a statutory presumption. That burden of proof is upon ADR who resists the discharge.[9] Appellant has failed to meet the burden of proof on this issue. Accordingly, for the reasons herein assigned, the judgment of the district court as to the result it reached is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Title 51, § 786(25), Code of Alabama 1940, Recompiled 1958, reads as follows:
 Every person, firm, corporation, association, or co-partnership engaged in or continuing within this state in the business for which a license or privilege tax is required by this Article shall add to the sales price and collect from the purchaser on all sales upon the gross receipts or gross proceeds of which there is levied by this Article a sales tax at the rate of four percent, four cents tax for each whole dollar of sales price; provided, however, on that part of the sales price which is a fractional part of a dollar, in addition to whole dollars, and on sales of less than a dollar there shall be collected in addition to the tax collected on whole dollars, no tax on one cent to and including ten cents of sales price, one cent tax on eleven cents to and including thirty cents of sales price, two cents tax on thirty-one cents to and including fifty-four cents of sales price, three cents tax on fifty-five cents to and including seventy-three cents of sales price, and four cents tax on seventy-four cents to and including ninety-nine cents of sale price. Upon all sales the gross receipts or gross proceeds of which are taxed by this Article at a rate less than four percent, there shall be added to the sales price and collected from the purchaser by such person, firm, corporation, association, or co-partnership described in this section an amount equal to the prescribed percentage of such sales price. It shall be unlawful for any person, firm, corporation, association, or co-partnership described in this section to fail or refuse to add to the sales price and collect from the purchaser the amount required by this section to be so added to the sales price and collected from the purchaser; and it shall likewise be unlawful to refund or offer to refund all or any part of the amount collected, or to absorb or advertise directly or indirectly the absorption or refund of the amount required to be added to the sales price and collected from the purchaser, or any portion of such amount. Any person, firm, corporation, association, or co-partnership violating any of the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be fined in a sum of not less than fifty dollars nor more than one hundred dollars, or may be imprisoned in the county jail for not more than six months or by both such fine and imprisonment, and each act in violation of the provisions of this Article shall constitute a separate offense. The provisions of this section that there shall be added to the sales price and collected from the purchaser the amounts provided herein shall in no way relieve the person, firm, corporation, association or co-partnership described in this section of the tax levied by this Article, nor shall the inability, impracticability, refusal, or failure to add to the sales price and collect from the purchaser the amounts provided herein relieve such person, firm, corporation, association, or co-partnership from the tax levied by this Article. All taxes paid in pursuance to this Article or any other statute enacted in this connection shall conclusively be presumed to be a direct tax on the retail consumer, pre-collected for the purpose of convenience and facility only.
 
 
 [2]
 Sales taxes remained unpaid from January 1, 1966, through December 31, 1968. The total charge to Fox was $4,331.45. However, since the bankrupt agrees that his discharge does not bar collection of $300 in sales taxes due between October 14, 1968 and December 31, 1968, the sum presently at issue is $4,031.15
 
 
 [3]
 The district court held that the taxes in question became legally due and owing more than three years prior to the bankruptcy. ADR does not dispute this determination on appeal
 
 
 [4]
 Stipulation No. 2 is to the effect that appellee was engaged in the business of selling tangible personal property at retail in Alabama from January 1, 1966 to August 31, 1969
 
 
 [5]
 Stipulation No. 4. Figure presented above represents taxes due before penalty assessment
 
 
 [6]
 One of the primary purposes of the 1966 amendments, after years of congressional consideration, was to establish a three year limitation on nondischargeable taxes, generally, except for those made fully nondischargeable by the provisions of § 17a(1)(d) and (e). See H.R.Rep. No. 372, 88th Cong., 1st Sess., 1-3 (1963); S.Rep. No. 114, 89th Cong., 1st Sess., 2-3 (1965). We find no basis for limiting the exempted taxes to income taxes, social security taxes and unemployment insurance taxes as held by the district court
 
 
 [7]
 We do not mean to exclude a denial of the discharge under 17a(1)(d) where a willful attempt to evade or defeat taxes by intentional failure to collect or withhold is shown
 
 
 [8]
 Subject, of course, to the provisions of 17a(1)(d) which bar discharge for taxes which one willfully failed to collect or withhold in order to evade or defeat same
 
 
 [9]
 Connelly v. Michael, 424 F.2d 387 (5th Cir. 1970); Rice v. Matthews, 342 F.2d 301 (5th Cir. 1965); see also 1A Collier on Bankruptcy, P 14.12 (14th ed. 1978)