**In re Charles & Karen FERRIS, Debtors.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**Charles Butler FERRIS, et al., Defendants.**

Bankruptcy No. 81–0380.
Related Case: 80–02138.

United States Bankruptcy Court, N.D. Ohio, W.D.

June 17, 1983.

John J. Hunter, Toledo, Ohio, for plaintiff.

Thomas M. Connolly, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Trustee's Complaint to Revoke Discharge. The parties agreed to submit the issue to the Court upon memoranda.

### FACTS

The Court finds the following facts:

1.) John J. Hunter is the duly qualified and acting Trustee in this case.

2.) On January 26, 1981, the Debtors were Ordered to file 1980 Federal and State income tax returns, and to supply copies of them to the Trustee.

3.) The Debtors have failed and refuse to supply to the Trustee copies of these returns.

4.) The Debtors contend that they cannot give the Trustee copies of the returns because they do not have the returns; in fact, no returns were filed.

5.) The reasons given by the Debtors for the returns not having been filed are the following:

a.) Debtor Karen Ferris alleges that her Gross Income for the year 1980 was such that she was not required to file a State or Federal Income Tax Return.

b.) Debtors allege that they were not entitled to a tax refund for 1980, and that they would have offered the Trustee copies of their W–2 forms to establish this fact.

c.) Debtor Charles Ferris alleges that he is an associate member of the Belanco Reli-

gion and is thereby exempt from filing tax returns.

## LAW

The issue before the Court is whether or not the Debtors' discharge should be revoked for failing to follow the Orders of this Court pursuant to Bankruptcy Code Section 727(e)(2) and 727(a)(6)(A). Specifically, the Trustee contends that the Debtors' failure to file an income tax return as Ordered by the Court on January 26, 1981, was sufficient to subject them to the consequences of revocation pursuant to Section 727(a)(6)(A), refusal to obey a lawful order of the Court.

The Debtors contend that their noncompliance with this Court's Order is justifiable, and that the justification expressed should be considered by the Court in deciding whether or not revocation is applicable.

Before considering the defenses proposed by the Debtors, it is necessary to emphasize a basic concept propounded by the Supreme Court. That concept was advanced in the case of *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

> "There is no constitutional right to obtain a discharge of one's debts in bankruptcy. The Constitution, Art. I, § 8, cl. 4, merely authorizes the Congress to 'establish ... uniform Laws on the subject of Bankruptcies throughout the United States...' [T]his obviously is a legislatively created benefit, not a constitutional one, ... The mere fact that Congress has delegated to the District Court supervision over the proceedings by which a petition for discharge is processed does not convert a statutory benefit into a constitutional right of access to a court." at 446–7, 93 S.Ct. at 638–639.

Although the issue of the *Kras* case is different from that which has been presented to this Court, it is critical to keep in mind the philosophy behind the remedies of Title 11. While it is true that a debtor is entitled to a fresh start, it must also be remembered that these Debtors voluntarily submitted themselves to this Court's jurisdiction upon the filing of their petition. They sought the protection of this Court, and by that action, they also must submit themselves to the rules of the Court.

The Bankruptcy Code delineates the rights and duties of the trustees and debtors. Those rules were written for the express purpose of facilitating the complete and orderly administration of the Bankruptcy estates. If the parties do not comply with the rules, that purpose is frustrated. The pertinent rules include, but are not limited to, the following sections of the Bankruptcy Code.

> *"Section 323. Role and capacity of trustee.*
>
> (a) The trustee in a case under this title is the representative of the estate...."
>
> *"Section 521. Debtor's duties.*
>
> The debtor *shall*—
>
> ... (2) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;
>
> (3) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate; ...." (emphasis added)

(The definitional section of the Bankruptcy Code, Section 102, states that the terms "includes" and "including" are not limiting.)

> *"Section 727. Discharge*
>
> (a) The court shall grant the debtor a discharge, unless—
>
> ... (6) the debtor has refused, in the case—
>
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;
>
> (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
>
> (C) on a ground other than the properly invoked privilege against self-incrimi-

nation, to respond to a material question approved by the court or to testify;

... (d) on request of the trustee or a creditor, and after notice and a hearing, the Court shall revoke a discharge granted under subsection (a) of this section if—

... (3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee or a creditor may request a revocation of discharge—

... (2) under subsection (c)(2)

or (d)(3) of this section, before *the later of*—

(A) one year after the granting of such discharge; and,

(B) the date the case is closed." (emphasis added)

One of the Trustee's primary duties is to collect any nonexempt or abandoned asset with value, reduce it to cash, and distribute the proceeds to the unsecured creditors in a share proportionate to the amount owed each creditor. The trustees have a consistently large case load, and frequently get paid very little to administer these cases. It is essential that the debtors assist the trustee in the administration of their cases. Since the debtors are generally in possession of most, if not all of the information required by the trustees, by law, they must assist him by providing information, or as in this case, filing an income tax return in order to determine the allowable tax refund due the estate.

The Debtors in this case allege that the facts are exceptional, and that notwithstanding the above Code requirements, they should not be required to file an income tax return for the reasons previously delineated.

## I. DEBTORS NOT ENTITLED TO TAX REFUND.

█ The Debtors state that according to their calculations, they would not be entitled to Federal or State income tax refunds. It is the Trustee's position, after having examined the Debtors and their available records, that the Debtors would be entitled to a substantial refund. The Trustee fur-

ther believes that the refunds would be much greater than that amount allowed to the Debtors under the Ohio exemption law. Accordingly, this would result in a probable dividend to the unsecured creditors. As previously stated, the Trustee, as an officer of the Court, has the obligation to collect any asset of the estate which he believes would enure to the benefit of the unsecured creditors. In this case the Trustee intends to collect the probable income tax refund for the benefit of the estate. However, unless the income tax returns are filed, there is no possibility of recovery.

It is this Court's Opinion that the first justification of the Debtors for not filing a return, as Ordered by this Court, is not a sufficient defense to their failure to follow this Court's Order.

## II. DEBTOR CHARLES FERRIS AS BELANCO MEMBER EXEMPTED FROM FILING RETURN.

█ Charles Ferris alleges that he is a member of the Belanco Religious Order (which apparently characterizes him as a church), and as such, he claims that he is exempt from filing a return.

The tax courts have consistently held that a person who seeks to assert an exemption from taxation, has the burden to prove that he has such a right. *Matter of Fox,* 609 F.2d 178 (5th Cir.1980); *State v. Bankhead Mining Company,* 279 Ala. 566, 188 So.2d 527 (1966); *Title Guarantee Loan & Trust Co. v. Hamilton,* 238 Ala. 602, 193 So. 107 (1940).

No evidence has been offered to this Court beyond the bold statement that being member of the Belanco Religious Order entitles Mr. Ferris to an exemption from filing a return. On the contrary, the case law indicates that individuals claiming to be churches, as Mr. Ferris claims, are not exempt from filing returns, nor are they exempt them from tax withholding. *McGahen v. Commissioner of Internal Revenue,* 76 T.C. 468 (1981); *Stephenson v. Commissioner of Internal Revenue,* 79 T.C. 995 (1982).

Furthermore, the Debtors do not support with evidence the assertion that the Belan-

co Religious Order is itself an exempt organization.  According to the *Cumulative List of Organizations Described in Section 170(c) of the Internal Revenue Code of 1954,* published by the Department of Treasury for the years of 1978 through July 1982, the Belanco Religious Order is *not* included as an exempt organization.

■  Accordingly, Debtors having failed to sustain their burden of proving that they qualify for an exempt status, and Debtors further having failed to show cause why they should not be required to follow this Court's Order, it is therefore

ORDERED, ADJUDGED and DECREED that the Debtors have failed to follow this Court's Orders and therefore their Discharge is hereby REVOKED.

In so reaching these conclusions, the Court has considered all the evidence presented, whether or not referred to specifically in the Opinion above.