UNITED STATES of America, Plaintiff,

v.

STATE OF MISSISSIPPI, Defendant.

Civ. A. No. J82–0459(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 26, 1984.

William L. Shraberg, Tax Div., U.S. Dept. of Justice, Washington, D.C., George L. Phillips, U.S. Atty., Dan Lynn, Asst. U.S. Atty., Jackson, Miss., for plaintiff.

Bobby R. Long, Miss. State Tax Comm., Bill Allain, Atty. Gen., Brad Farber, Asst. Atty. Gen., Jackson, Miss., for defendant.

### ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

Res-Care, Inc. is a private for-profit contractor operating a Job Corps center at Crystal Springs, Mississippi under a contract with the United States Department of Labor. Under the contract, Res-Care, Inc. is reimbursed for its costs by the United States Department of Labor.

The State of Mississippi, through the State Tax Commission, assessed Res-Care for certain use taxes under two separate assessments. The first assessment covered the period October 1, 1977, through July 31, 1980, and totalled $63,609.11. The major portion of that assessment has been settled, leaving at issue here only the sum of $4,822.88 for the period covered by the month of July, 1980. The second assessment covered the period August 1, 1980, through December 31, 1980, and totalled $13,035.99. Both assessments include penalties and interest.

Res-Care paid under protest both the portion of the first assessment at issue here and all of the second assessment. The United States Department of Labor, under its contract, reimbursed Res-Care for both

amounts. The United States of America as Plaintiff has sued the State of Mississippi as Defendant to recover those amounts.

The United States claims that private for-profit job corps contractors were exempted by Congress from state sales and use taxes under Title 29 U.S.C. § 939(c) which was recodified as Title 29 U.S.C. § 1707(c). This sub-section states:

(c) transactions conducted by private for-profit contractors for job corps centers which they are operating on behalf of the Secretary shall not be considered as generating gross receipts.

This language originally appeared as Section 466(c) of the 1978 Amendments to the Comprehensive Employment and Training Act and was codified as 29 U.S.C. § 939(c). The Comprehensive Employment and Training Act was repealed in October, 1983, and replaced by the Job Training Partnership Act. Section 466(c) (codified as Section 939(c)) of the former Act was transferred verbatim to the Job Training Partnership Act as Section 437(c) thereof and codified as 29 U.S.C. § 1707(c).

The United States Department of Labor promulgated regulations under the Job Training Partnership Act which provide that:

(b) therefore, private for-profit contractors shall not be liable to any state or subdivision thereof with respect to gross receipts taxes, business privilege taxes measured by gross receipts, or any similar taxes imposed on, or measured by, gross receipts in connection with any payments made to them for operating any job corps center; and such contractors shall not be liable to any state or subdivision thereof to collect or pay any sales taxes, or to pay any complimentary use taxes imposed on the sale to, or use by, such contractors of any property or services in operating any job corps center.

20 C.F.R. § 684.135.

The State of Mississippi imposes a sales tax upon tangible personal property sold within the State of Mississippi. Section 27–65–17 of the Mississippi Code of 1972 as amended reads in pertinent part as follows:

Upon every person engaging or continuing within this state in the business of selling any tangible personal property whatsoever there is hereby levied, assessed and shall be collected a tax equal to five percent (5%) of the gross proceeds of the retail sales of the business, except as otherwise provided herein.

The State of Mississippi also imposes a use tax on tangible personal property which is purchased outside of the State of Mississippi and used within the State of Mississippi. Section 27–67–5 of the Mississippi Code of 1972, as Amended, states in Part as follows:

There is hereby levied, assessed and shall be collected from every person a tax for the privilege of using, storing, or consuming, within the state any tangible personal property possession of which is acquired in any manner. When property is rented to an exempt person, the tax shall be paid on the cost or value by the owner without any subsequent credit.

(a) The use tax hereby imposed and levied shall be collected at the same rates as imposed under Sections 27–65–17, 27–65–19 and 27–65–25 of the sales tax law, Mississippi Code of 1972, computed on the purchase or sales price, or value, as defined in this article.

The sales tax is levied against the seller of tangible personal property whereas the use tax is levied against the purchaser or user of such tangible personal property.

Accordingly, the Mississippi Sales Tax can be classified as a tax upon the gross receipts of goods which are sold within the State of Mississippi. On the other hand, the Mississippi Use Tax can be classified as a tax imposed upon the purchaser of goods which are bought outside of the State of Mississippi but are brought into the State of Mississippi by the purchaser thereof to be used, stored or consumed within the State of Mississippi. It should be noted that the rates of both the sales and use taxes imposed by the State of Mississippi are identical. Consequently, it

is clear that the intention is for the sales taxes and the use taxes to be complementary and that all tangible personal property, whether bought in the State of Mississippi or purchased outside of the State of Mississippi and brought into the state for use, storage or consumption, is to be subject to the same rate of tax.

The State of Mississippi, in making its assessment of the use taxes at issue in this case, audited the books of Res-Care and totalled all of the purchases, both in-state and out-of-state, made by Res-Care during the pertinent periods. It then applied the 5% tax rate, which is the same under both sales and use taxes, to the total of such purchases and assessed taxes, interest and penalties on such resulting sums. Although it used a form entitled "Additional Sales and Use Tax Return," the State did not indicate as to whether it was assessing sales taxes, use taxes or both, nor has the State in anything filed in this cause indicated whether it was assessing either of said taxes or both. The parties, however, have filed a stipulation stating that of the $71,428.00 of purchases made by Res-Care during the month of July, 1980, $51,752 thereof, or 72.5%, was purchased outside the State of Mississippi and $19,676 thereof, or 27.5%, was purchased within the State of Mississippi. Further, it was stipulated that of the $255,606 of purchases made by Res-Care during the period August 1, 1980, through December 31, 1980, $136,905 thereof, or 53.6%, was purchased outside the State and $118,701 thereof, or 46.4%, was purchased within the State.

Both sides have submitted the case to the Court in opposing Motions for Summary Judgment. Both sides are in agreement that there are no genuine issues as to any material facts and that the deciding issues are purely matters of law. Accordingly, it is apparent that this case may properly be decided by the Court and a summary judgment granted.

■ Since under the terms of Section 27–65–17, Mississippi Code of 1972 as amended, purchases made within the State of Mississippi are subject to sales taxes and since sales taxes under that Section are levied and assessed against the seller of tangible personal property, it is clear that the assessment by the State against Res-Care based upon the in-state purchases was improper and that those portions of the assessment, interest and penalties should be returned to Plaintiff.

Accordingly, the sole remaining issue presented for decision here is whether the use tax assessed by the State of Mississippi against the out-of-state purchases is a tax on gross receipts which falls under the exemption of Section 1707(c).

The United States argues that it was the intention of Congress to exempt private for-profit contractors operating under Job Corps contracts from any and all taxes imposed upon their gross receipts and that such exempt taxes would include sales and use taxes. The United States further argues that the regulation, 20 C.F.R. § 684.-135 properly sets forth this intention of Congress.

On the other hand, the State of Mississippi argues that under the language of Section 1707(c) the taxes exempted by the statute are taxes on gross receipts, and that use taxes are taxes on gross purchases made outside of the state and not taxes on gross receipts and are not, therefore, covered by the statute. The State of Mississippi further argues that the regulations unlawfully expanded the Act as adopted by Congress so as to exempt sales and use taxes. Conversely, the State of Mississippi argues that even if it were the intent of Congress to exempt sales and use taxes in addition to taxes on gross receipts that it made an error in drafting the statute in question which could not be corrected by the regulations adopted thereunder.

■ Congress has the power to create a tax exemption and exempt its agencies from state imposed taxes. The issue presented for determination in the case sub judice is whether or not the federal statute, 29 U.S.C. § 1707(c) establishes an exemption to Mississippi use tax.

(c) Transactions conducted by private for profit contractors for Job Corps centers which they are operating on behalf of the Secretary shall not be considered as generating gross receipts.

29 U.S.C. § 1707(c). Clearly, this section exempts private for-profit contractors for Job Corps centers from taxes assessed by states on their gross receipts.

The out-of-state purchases by Res-Care upon which the state assessed the use taxes were disbursements by Res-Care and not receipts of Res-Care. Res-Care had no gross receipts in regard to these purchases. Accordingly, Plaintiff's claim for reimbursement for the taxes assessed upon the out-of-state purchases must be based upon regulation 20 C.F.R. § 684.135. That regulation, if valid, clearly exempts private for-profit contractors for Job Corps centers from sales and use taxes.

 A federal regulation does not and cannot create an exemption from state taxes. Only an act of Congress may create such an exemption. The United States Supreme Court held in *Chrysler Corporation v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979) that a federal regulation would not have the "force and effect of law" unless it possessed certain substantive characteristics and was the product of certain procedural requisites. *Id.* at 301, 99 S.Ct. at 1717. The regulation in question, 20 C.F.R. § 684.135, was not intended to implement a statute but rather to interpret the statute by giving its construction of what is included in the term "transaction" as used therein. Such definition regulations normally do not carry the weight of law. *See Batterton v. Francis*, 432 U.S. 416, 97 S.Ct. 2399, 53 L.Ed.2d 448 (1977). Additionally, a regulation which is not founded upon a statute authorizing it, does not have the force and effect of law. Here there is no nexus between the regulation and some delegation of the requisite legislative authority by Congress. *See Chrysler Corporation v. Brown*, 441 U.S. 281, 304, 99 S.Ct. 1705, 1718, 60 L.Ed.2d 208 (1979). The Act refers to gross receipts taxes. The Mississippi use tax is not a gross receipts tax. The regulation is an unauthorized extension of the Act. Consequently, the regulation cannot be construed to have the "force and effect of law."

It is clear from the legislative history of the Act that Congress intended to put private for-profit contractors for Job Corps centers in a competitive position with non-profit corporation contractors for such centers by exempting the for-profit contractors from certain state taxes from which the non-profit corporations were already exempt. Thus, the Plaintiff argues that Res-Care would be exempted from the use tax. It is not clear, however, that the taxes from which Congress intended to make such exemptions included use taxes of the sort imposed by Mississippi law.

 There are certain principles which guide the construction of tax exemption statutes.

> Since taxation is the rule and exemption is the exception, and since exemptions from taxation are not favored, the general rule is that a grant of exemption from taxation is never presumed. On the contrary, ... in all cases of doubt as to the legislative intention, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on claimant to prove or establish clearly his right to the exemption, bringing himself clearly within the terms of such conditions as the statute may impose.

84 C.J.S. *Taxation* § 225 (1954). *See, e.g., Matter of Fox*, 609 F.2d 178, 181 (5th Cir. 1980) *cert. denied, Alabama Dept. of Revenue v. Fox*, 449 U.S. 821, 101 S.Ct. 78, 66 L.Ed.2d 23 (1980) (one seeking to assert exemption from taxation has the burden to clearly establish such right and in all cases of doubt as to legislative intent, the presumption is in favor of the taxing power). Using this strict construction, Congress made a fatal error in draftsmanship if it intended to exempt Mississippi use taxes. Accordingly, the use taxes assessed by the State of Mississippi on the out-of-state purchases were proper and not exempt and the

Defendant's Motion for Summary Judgment is hereby granted insofar as it pertains to the Mississippi Use Tax assessment in question.

The Plaintiff, United States of America, should be granted a judgment for that portion of the assessments which represent sales taxes and were improperly assessed against Res-Care under the terms of the Mississippi Sales Tax Statute. That judgment may be computed by apportioning the assessment for taxes, interest and penalties between in-state and out-of-state purchases. The assessment for July, 1980, totalled $4,822.88. The in-state purchases for that period were 27.5% of total purchases. Plaintiff is entitled to a return of $1,326.29 for that period. The assessment for the period of August 1, 1980, through December 31, 1980, totalled $13,035.99. The in-state purchases for that period were 46.4% of total purchases. Plaintiff is entitled to a return of $6,048.70 for that period.

Accordingly, Plaintiff is entitled to judgment against the Defendant in the amount of $7,374.99.

Because of the ruling herein, Plaintiff's demand for a Declaratory Judgment to the effect that private for-profit contractors operating Job Corps centers for the United States Department of Labor are exempt from the Mississippi Use Taxes is denied.

Plaintiff's counsel shall prepare a judgment in accordance with the terms hereof, present it to counsel for Defendant for approval as to form and present same to this Court within the time prescribed by the Local Rules of this Court.